**Edgar R. ANDERSON, Plaintiff,**

v.

**NEW YORK, NEW HAVEN & HART-FORD RAILROAD COMPANY,**
**Defendant.**

Civ. No. 6239.

United States District Court
D. Connecticut,
Civil Division.
Jan. 24, 1958.

Lester H. Aaronson, New Haven, Conn., for plaintiff.

Ralph C. Dixon, Day, Berry & Howard, Hartford, Conn., for defendant.

Charles J. Cole, John M. Donahue, Robinson, Robinson & Cole, Hartford, Conn., for intervening plaintiff, Pullman Co.

ANDERSON, District Judge.

This is a common law tort action brought by a Massachusetts plaintiff for injuries, which he claims were due to the negligence of the defendant and which were allegedly incurred by him in the course of his employment as conductor for the Pullman Company on the Federal Express of the defendant when it was involved in a wreck at Bridgeport, Connecticut on July 14, 1955. The Railroad and the Pullman Company had entered into a contract under which the Pullman Company was servicing certain railroad cars owned by the Railroad and leased to the Pullman Company.

The matter immediately before the court is a motion by the defendant Railroad to amend its answer to add a second defense alleging that the plaintiff, by reason of the applicability and operation of the Massachusetts Workmen's Compensation Act, G.L.(Ter.Ed.) c. 152, § 1 et seq. as amended, is barred from bringing this action against the defendant.

It appears that the plaintiff has accepted payments from his employer, the Pullman Company, a self-insurer under the Massachusetts Workmen's Compensation Act, and therefore the plaintiff's right of action on his tort claim in Connecticut may have been affected by the terms of the employment contract between himself and the Pullman Company, which, through the ratification of accepting payments under the act, made the act a part of the contract. The Pullman Company has been permitted to intervene for the limited purpose of seeking reimbursement for compensation payments made by it to the plaintiff.

 At the outset it should be noted that the Supreme Court of the United States has decided that the full faith and credit clause does not require that the workmen's compensation laws of the State of Massachusetts be given effect by the State of Connecticut in an action of this sort. Carroll v. Lanza, 1955, 349 U.S. 408, 75 S.Ct. 804, 99 L.Ed. 1183. While Bradford Electric Light Co. v. Clapper, 1932, 286 U.S. 145, 52 S.Ct. 571, 76 L.Ed. 1026 seems to be contra, it has been impliedly overruled by the Carroll case. See Sheerin v. Steele, 6 Cir., 1957, 240 F.2d 797, 802; 69 Harvard Law Review 119.

 Rights of the plaintiff arising out of tort claims in Connecticut can, of course, be affected by contracts made by the plaintiff outside of Connecticut. In applying its conflict of laws rule, Connecticut will give recognition to such a contract and where, as here the contract calls for the application of the Workmen's Compensation Laws of Massachusetts, it will accept and apply the Massachusetts court's interpretation of those laws. This is not to say that Connecticut will directly apply the Massachusetts compensation laws in a case

where a Massachusetts employee is injured in Connecticut. The Connecticut courts recognize the applicability of the Massachusetts laws here only because the plaintiff had ratified their incorporation in his employment contract with the Pullman Company. The plaintiff does not qualify as an employee under the Connecticut Workmen's Compensation Laws, and those laws have no application to this action. As the Massachusetts Workmen's Compensation Act must be considered in its application to the facts in this case, it becomes necessary to determine if the defendant Railroad is such a person as could invoke the provisions of the act to bar the plaintiff's action. This it may do if the plaintiff were engaged in "common employment" by the Pullman Company and the Railroad, for it seems uncontradicted that a third party, such as the Railroad here, cannot be sued in a common law tort action because a "common employer" is not in the words of the act a person "other than the insured". Section 15 of the act provides that neither the employee who has recovered compensation or the insurer who is by statute subrogated to such employee's rights can sue a third party tort feasor unless that third party is a person "other than the insured". Whether or not the Railroad is a common employer under Section 15 of the act depends upon the construction and application of Section 18 of the act. Since both the Pullman Company and the Railroad are insured persons (both being self-insurers) under the terms of the Massachusetts Compensation Act, it is necessary in determining this question to analyze Section 18 of the act, first, with the assumption that the Pullman Company is the "insured person" under Section 18 of the act and, second, under the assumption that the Railroad is the "insured person" under Section 18 of the act.

First, assuming that the Pullman Company is the "insured person", it is obvious that Section 18 is not applicable. The first clause of the first sentence of Section 18 reads in part as follows:

"If an insured person (the Pullman Co.) enters into a contract, written or oral, with an independent contractor (the Railroad) to do such person's (the Pullman Co.'s) work, or if such a contractor (the Railroad) enters into a contract with a sub-contractor to do all or any part of the work comprised in such contract with the insured (the Pullman Co.), and the insurer would, if such work were executed by employees immediately employed by the insured (the Pullman Co.), be liable to pay compensation under this chapter to those employees, the insurer shall pay * * * "

In this case the plaintiff was directly employed by the "insured person", the Pullman Company itself. Furthermore, there was no contract or sub-contract by which the Railroad or any sub-contractor under it contracted to do any of the Pullman Company's work. Meehan v. Gordon, 307 Mass. 59, 29 N.E.2d 759.

Assuming now that the "insured person" is considered to be the Railroad, it likewise must be held that Section 18 of the Massachusetts compensation law is not a bar to the plaintiff's action. The Railroad, to avail itself of Section 18 as an effective defense, must show:

1. That the Railroad entered into a contract with the Pullman Co. to do a part of the Railroad's work.

2. That the work done by the Pullman Co. for the Railroad was not "merely ancillary and incidental" to the business of the Railroad.

3. That if the work done by the Pullman Co. for the Railroad were performed by a direct employee of the Railroad, the Railroad would be liable to pay compensation to such employee under the Massachusetts Workmen's Compensation Act.

Conditions 1 and 2 above involve questions of fact which would have to be preliminarily adjudicated before this court could say whether the Railroad qualified under them or not. Condition 3, however, can be found by this court as rendering the proposed defense by the Railroad ineffectual as a matter of law. Before the Railroad can claim to be in "com-

mon employment" of the plaintiff with the Pullman Co., the Railroad would have to be liable to the plaintiff for compensation under the Massachusetts act if the plaintiff were "immediately employed" by the Railroad. But if the plaintiff were immediately employed by the Railroad in performing the work which the Pullman Co. had contracted to do for the Railroad, the plaintiff would not be eligible for compensation, because the Massachusetts act does not apply to persons employed by an employer in interstate commerce. Section 1(4).

It is clear that if the plaintiff were "immediately employed" by the Railroad in the same kind of work which he actually performed, he would come under the Federal Employers' Liability Act, Title 45 U.S.C.A. § 51 et seq. As Section 18 specifically sets up, as a condition precedent to its use, the hypothetical placing of the plaintiff in the immediate employment of the Railroad and the Railroad here cannot meet that condition precedent, it cannot invoke Section 18 to establish "a common employment" of the plaintiff by both the Pullman Co. and itself; and, therefore, it cannot qualify under Section 15 to bar the plaintiff's action.

The defendant contends that the foregoing interpretation does damage to the intention which the Massachusetts legislature had in mind in including Section 18 in the Workmen's Compensation Act. However, the purpose of Section 18 is to prevent the employer from escaping the obligation of the Compensation Act by letting out part of his work to irresponsible independent contractors or sub-contractors. Cannon v. Crowley, 1945, 318 Mass. 373, 375, 61 N.E.2d 662, 664. It is, therefore, clear that the present interpretation of the applicability of Section 18 does not in any way impair the fulfillment of the legislative intent as interpreted by the Supreme Judicial Court of Massachusetts.

The motion of the defendant to amend its answer is denied.