Frank A. G-ulotta, J.
This is an action by an employee of the F. & M. Schaefer Brewing Co. against a fellow employee, one Donald Boat, to recover for personal injuries suffered by reason of the latter’s negligence. Both the plaintiff and Boat were employed as chauffeurs by Schaefer. The other defendant, John J. Casale, Inc., enters the picture by reason of the fact that it owns the trucks which the plaintiff Fagan and defendant Boat were operating at the time of the accident on September 14,1954, in Union City, New Jersey.
The trucks are rented to Schaefer by Casale, Inc. and although they are maintained, repaired and kept in proper running order by the lessor, when the trucks are in use in Schaefer’s business, they are under the exclusive control of Schaefer personnel.
On the day in question the plaintiff had stopped his truck at a scheduled stop on his New Jersey route preparatory to making a delivery, when Boat drove up parallel to the plaintiff and stopped alongside him. Plaintiff got out of his truck and after a brief conversation with Boat who stayed in the cab of his truck, while plaintiff was standing between the vehicles, Boat suddenly threw his truck into gear and cut so sharply to his right, that he pinned the plaintiff against the front fender of his own truck, severely injuring him. On these facts it seems clear that defendant Boat was negligent and that the plaintiff was free from fault, and I so find.
Plaintiff has applied for and been paid benefits under the New York Workmen’s Compensation Law, both medical expenses and wages (Matter of Post v. Burger & Gohlke, 216 N. Y. 544) and the legal question presented by this case is his right to sue a fellow employee for a further recovery in the face of the New York statute which forbids such a suit. See subdivision 6 of section 29 of the Workmen’s Compensation Law which states: ‘ ‘ The right to compensation or benefits under this chapter, shall be the exchosive remedy to an employee, or in case of death his dependants, when such employee is injured or killed by the negligence or wrong of another in the same employ.” (Italics supplied.)
Plaintiff claims he has such a right since under the law of New Jersey such a lawsuit is permitted (Churchill v. Stephens, 91 N. J. L. 195) and that since the accident occurred in New *1048 Jersey the familiar rule applies, i.e., that the law of the place of the wrong is controlling.
It is apparent, therefore, that we have a problem in conflict of laws to resolve and while there appears to be no case exactly in point in New York, there are several cases in other jurisdictions which point the way.
I think we may accept the statement contained in the Restatement of the Conflict of Laws (1948 Supp., § 401, Comment b) as a correct statement of principles although for reasons hereinafter set forth it is not the final word in this case: “ b. Effect of Constitution■ of United States. If the Compensation Act of the State where the contract of employment is made abolishes the common law or statutory right of action either as a result of the fact that the employment was entered into in that State or by reason of the election of the parties to come within the operation of that Act, no action can be maintained in any State irrespective of where the workman was injured or killed unless the State where the wrong occurred has declared the Act obnoxious to its policy of permitting recovery for the protection of the interests of persons living in the State. This result is required as between States of the United States under the full faith and credit clause of the Constitution.”
The case of Stacy v. Greenberg (9 N. J. 390) is an authoritative holding by the highest court of New Jersey to the effect that enforcing this very same subdivision of section 29 of the Workmen’s Compensation Law was not obnoxious to the public policy of the State of New Jersey as applied to employees of a New York corporation who were involved in an accident on a New Jersey highway. A fortiori it cannot be repugnant to a New York court to recognize and to enforce the declared public policy of its own State.
It may be well to point out that such recognition does not involve a Federal Constitutional question because this suit has been brought in the same jurisdiction where the employment contract was made, and therefore, we need not look for, nor find, all the elements which compelled such recognition in Bradford Elec. Co. v. Clapper (286 U. S. 145). The plaintiff urges that the decision in Sheerin v. Steele (240 F. 2d 797, cert, denied 353 U. S. 938), is decisive of the issue here. However that case is concerned solely with the compulsory aspects of Full Faith and Credit Clause (art. IV, § 1) of the U. S. Constitution, and whilé it points out that the Bradford case has been considerably restricted by the decision of the U. S. Supreme Court in Carroll v. Lanza (349 U. S. 408), so that now the State of the forum has a more or less free hand in deciding just how much authority *1050 There is no proof in the case on which to construct a common-law agency. The lease for truck hire provides as follows: “ VIII. That the Lessee shall, at its own cost and expense, cause each vehicle to be operated at all times by a licensed chauffeur selected by and under the control and pay of the Lessee, and upon receipt of a written complaint from the Lessor specifying any reckless, careless or abusive handling of the vehicles or other incompetence by any chauffeur, the Lessee shall remove such chauffeur and substitute a competent chauffeur in his place. ’ ’ It it this clause upon which plaintiff relies to sustain his contention of a common-law agency. The bare right to complain about the abusive handling of a truck and to require that the lessee substitute another chauffeur, obviously has no bearing on the employment relationship of Boat at the time of the accident, any more than it had on the employment relationship of the plaintiff. The two of them at all times remained the employees of Schaefer subject to its exclusive control both as to what work they were to do and the manner of doing it.
Therefore judgment on the merits is granted in favor of both defendants against the plaintiff.
This decision shall constitute the necessary findings under section 440 of the Civil Practice Act. Motions on which decision was reserved are disposed of in accordance with this opinion.
Settle judgment on notice.