THOMAS F. FLAHERTY *vs.* THE TRAVELERS
INSURANCE COMPANY.

Middlesex.   November 6, 1975. — January 7, 1976.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, HENNESSEY, & KAPLAN, JJ.

*Insurance,* "No fault" insurance, Personal injury protection.   *Workmen's Compensation Act,* Relation to "no-fault" insurance.

An insured under a motor vehicle liability policy entitled to recover
    workmen's compensation benefits in accordance with G. L. c. 152,
    as a result of injuries received while operating the vehicle within
    and during the course of his employment, was precluded from
    collecting personal injury protection benefits under G. L. c. 90,
    § 34A, by a provision excluding therefrom "a person entitled to
    . . . benefits" under c. 152; there was no merit in the insured's
    contention that he was entitled under c. 90, § 34A, to reimburse-
    ment for lost wages up to seventy-five per cent of his average
    weekly wage.   [483-487]

CONTRACT.   Writ in the District Court of Natick dated
May 30, 1973.

The action was heard by *Tuttle,* J.

*Joseph Stashio* for the plaintiff.

*Neil A. Martin* for the defendant.

HENNESSEY, J.   The issue here is whether an insured
under a motor vehicle liability policy or bond, as pro-
vided in G. L. c. 90, § 34A, is precluded from receiving
personal injury protection ("no-fault") benefits if he is en-

titled to payments or benefits under the provisions of the Workmen's Compensation Act, G. L. c. 152. We conclude that he is so precluded.

This is an action in contract brought under the provisions of G. L. c. 90, § 34M, by the plaintiff against the liability insurer of a truck the plaintiff was operating when he had an accident which resulted in his being out of work for eight and one-half weeks. Chapter 90, § 34M, inserted by St. 1970, c. 670, § 4, provides in pertinent part as follows: "[A]ny unpaid party shall be deemed a party to a contract with the insurer responsible for payment and shall therefore have a right to commence an action in contract for payment of amounts therein determined to be due in accordance with the provisions of this chapter."

The facts are these. The defendant issued a policy of motor vehicle insurance on the vehicle which the plaintiff was operating on October 18, 1972, and the policy was in full force and effect on that date. The insured vehicle was involved in a one-vehicle accident, overturning on the highway. The plaintiff was operating the vehicle within and during the course of his employment, and he was thereby entitled to payments or benefits under the Workmen's Compensation Act. The plaintiff's average weekly wage from his employment on October 18, 1972, was $220, and the plaintiff was out of work for eight and one-half weeks. The plaintiff received workmen's compensation benefits from his employer for the eight and one-half weeks at the rate of $95 a week.

After a trial in a District Court, there was a finding for the defendant. The judge denied the plaintiff's request for a ruling that the fact that the plaintiff had received workmen's compensation benefits did not preclude him from receiving personal injury protection benefits up to a combined maximum of seventy-five per cent of his average weekly wages. The plaintiff appealed to the Appellate Division of the District Courts where a decision was rendered that "[t]here being no prejudicial error the

report is hereby dismissed." The plaintiff appealed to this court. There was no error.

The defendant contends that § 34A should be read in a manner that precludes a party from collecting personal injury protection benefits if that party is also entitled to workmen's compensation benefits. The plaintiff contends that the language in § 34A[1] that refers to workmen's compensation benefits is designed only to prevent double

---

[1] General Laws c. 90, § 34A, as amended through St. 1973, c. 806, § 4, in pertinent part defines "[p]ersonal injury protection" as follows: "'Personal injury protection,' provisions of a motor vehicle liability policy or motor vehicle liability bond which provide for payment to the named insured in any such motor vehicle liability policy, the obligor of any motor vehicle liability bond, members of the insured's or obligor's household, any authorized operator or passenger of the insured's or obligor's motor vehicle including a guest occupant, and any pedestrian struck by the insured's or obligor's motor vehicle, unless any of the aforesaid is a person entitled to payments or benefits under the provisions of chapter one hundred and fifty-two, of all reasonable expenses incurred within two years from the date of accident for necessary medical, surgical, x-ray, and dental services, including prosthetic devices and necessary ambulance, hospital, professional nursing and funeral services, and in the case of persons employed or self-employed at the time of an accident of any amounts actually lost by reason of inability to work and earn wages or salary or their equivalent, but not other income, that would otherwise have been earned in the normal course of an injured person's employment, and for payments in fact made to others, not members of the injured person's household and reasonably incurred in obtaining from those others ordinary and necessary services in lieu of those that, had he not been injured, the injured person would have performed not for income but for the beneft of himself and/or members of his household, and in the case of persons not employed or self-employed at the time of an accident of any loss by reason of diminution of earning power and for payments in fact made to others, not members of the injured person's household and reasonably incurred in obtaining from those others ordinary and necessary services in lieu of those that, had he not been injured, the injured person would have performed not for income but for the benefit of himself and/or members of his household, as a result of bodily injury, sickness or disease, including death at any time resulting therefrom, caused by accident and not suffered intentionally while in or upon, or while entering into or alighting from, or being struck as a pedestrian by, the insured's or obligor's motor vehicle, without regard to negligence or gross negligence or fault of any kind, to the amount or limit of at least two thousand

recovery of "medical expenses incurred," and does not limit the injured party's right to reimbursement of wages up to seventy-five per cent of his weekly wage.

The plaintiff argues that the "personal injury protection" part of § 34A should be read in two parts, the first part consisting of approximately the first twelve lines of the section, ending with the words "and in the case of." The second part, he contends, consists of the rest of the section. The argument is that, read in this manner, the reference in the "first part" to workmen's compensation payments or benefits results only in a proscription of the

dollars on account of injury to or death of any one person, except that payments for loss of wages or salary or their equivalent or, in the case of persons not employed, loss by reason of diminution of earning power, shall be limited to amounts actually lost by reason of the accident and further limited (1) in the case of persons entitled to wages or salary of [sic] their equivalent under any program for continuation of said wages or salary or their equivalent to an amount that, together with any payments due under such a program, will provide seventy-five per cent of any such person's average weekly wage or salary or its equivalent for the year immediately preceding the accident, provided that the insurer shall reimburse those wage continuation programs or their equivalent which provide for accumulated benefits which can be converted into either cash or additional retirement credit for the amount said program or its equivalent actually pays to the insured, not to exceed seventy-five per cent of the insured's average weekly wages or salary or its equivalent for the year immediately preceding the accident, or (2) in the case of persons not entitled to wages or salary or their equivalent under any program for continuation of said wages or salary or their equivalent to an amount that will provide seventy-five per cent of any such person's average weekly wage or salary or its equivalent for the year immediately preceding the accident. In any case where amounts paid for loss of wage, salary or their equivalent are reduced as a result of any program for continuation of the same and such reduction produces a subsequent loss, as when the limit of any such program for continuation of wage or salary or their equivalent is exhausted with the result that an injured person cannot recover for a later injury or illness as he would have been entitled to but for such a reduction, such subsequent loss to an amount equalling the reduction in personal injury protection made in accordance with this section shall, if incurred within one year after the receipt of the last benefit provided under this section, be treated as a loss of wages, salary or their equivalent incurred as a result of the injury to which personal injury protection applied."

right to recover medical expenses under § 34A, with the right to reimbursement of lost wages unaffected, since that matter is controlled by the wording of the "second part."

We disagree. The meaning of the statute in this respect is clear and unambiguous. The root description of the persons entitled to protection under § 34A is shown in only one place in the "personal injury protection" part of the statute. That occurs in the "first part" of the paragraph, followed immediately by the exclusion of those entitled to payments or benefits under c. 152. It is clear that the Legislature removed this class of injured persons entirely from the protection of § 34A. Further, if the Legislature intended a person entitled to workmen's compensation benefits to have rights as to lost wages under § 34A as contended by the plaintiff, it had ample opportunity to insert this exception within the provision for "wage continuation" benefits as it appears in the same section.

The plaintiff cites hypothetical inequities which may result if his interpretation is not adopted. Thus he says that an injured party who earns $400 a week and who is not covered by workmen's compensation would be entitled to recover $300 a week under the personal injury protection provision, whereas an injured party who earns $400 a week but is covered by workmen's compensation would be entitled to a markedly lesser amount. Such examples do not control in the face of the unambiguous language of the statute.

A further argument of the plaintiff also fails on close examination. He attempts to persuade us that, if we adopt the construction of § 34A which the defendant urges in this case, the result would be to render the exclusionary provisions of § 34N superfluous and repetitious. Section 34N allows for recovery of personal injury protection benefits by persons otherwise having no access to such benefits. The section prohibits recovery by persons entitled to workmen's compensation payments and "[per-

sons] subject to exclusion from personal injury protection benefits by insurers under . . . [§ 34A]."

We do not subscribe to the plaintiff's interpretation of the second exclusion found in § 34N. His view that the second exclusion in § 34N incorporates all of the exclusions of § 34A intended by the Legislature ignores what is to us clear: the reference to persons subject to exclusion *by insurers* under § 34A refers to individuals whose conduct contributed to their injury while under the influence of alcohol or drugs or while committing a felony or while intentionally causing injury to themselves or others. Section 34N in fact supports the defendant's argument, once more making clear that the Legislature intended to prohibit all types of recovery under personal injury protection by those entitled to benefits under c. 152.

Further, the very nature of the no-fault statute precludes perfect evenhandedness. "Some inequality in result is not enough to vitiate a legislative classification grounded in reason." *Pinnick* v. *Cleary*, 360 Mass. 1, 30 (1971). We recognize, also, the defendant's observation that when workmen's compensation benefits are available to the injured person, although his benefits under c. 152 are substantially limited as to lost wages, he has the privilege to sue for and recover all special damages, but nothing for pain and suffering, incurred in an action of tort against another negligent motorist. This privilege is not available to one protected under § 34A.

*Judgment affirmed.*