CHESTER J. SAHARCESKI *vs.* JOSEPH C. MARCURE, SR.

Franklin.　　January 4, 1977. — September 12, 1977.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, WILKINS, & LIACOS, JJ.

*Workmen's Compensation Act,* Common employment, Injuries to which act applies.　*Conflict of Laws.*

In an action brought in this Commonwealth by a Massachusetts resident employed by a Massachusetts company insuring all its employees under the Workmen's Compensation Act, G. L. c. 152, against a fellow employee residing here for injuries sustained in Connecticut in 1970 as a result of the defendant's negligent operation of a motor vehicle in which the plaintiff was a passenger and while the parties were acting in the course of their employment, this court chose to apply substantive Massachusetts law to bar the plaintiff from recovery rather than Connecticut law to permit his recovery, since the relevant circumstances all related to Massachusetts. [308-312]

Discussion of decisions of the Supreme Court of Connecticut on conflict of laws question. [312-315]

TORT.　Writ in the Superior Court dated March 22, 1972.

The action was tried before *Griffin*, J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Neil Sugarman* for the plaintiff.

*Philip A. Brooks* for the defendant.

WILKINS, J. The plaintiff and the defendant, Massachusetts residents and employees of a Massachusetts corporation, were acting in the course of their employment when, on June 1, 1970, in the State of Connecticut, the plaintiff, a passenger, was injured as the result of the defendant's negligent operation of a motor vehicle. If the relevant circumstances involved in this case all related to Massachusetts, the plaintiff would not be entitled to recover from his negligent fellow employee. On the other hand, if the relevant circumstances all related to Connecticut, the plaintiff would be entitled to recover. We conclude that the law of this Commonwealth applies properly in this case to bar the plaintiff from recovering from his fellow worker.

The plaintiff was employed by the Ethan Ames Manufacturing Co., Inc. (company), which had its principal offices at its Turners Falls retail store outlet, of which the plaintiff was the manager. The plaintiff and the defendant were residents of this Commonwealth and had been hired here. The company had no store in Connecticut and had no employees resident or principally working there. It had purchased workmen's compensation insurance covering its employees as provided in G. L. c. 152. On June 1, 1970, the plaintiff, the defendant, and others traveled by motor vehicle on their employer's business from Massachusetts into Connecticut intending to pass through that State without stopping. Trips to Connecticut to pick up merchandise were an occasional part of the plaintiff's duties. The vehicle, which was registered in Massachusetts, was owned by the company.

The defendant, employed as a chauffeur, was operating the vehicle when it struck the rear of a motor vehicle which was stopped in the passing lane of the Connecticut

Turnpike. The plaintiff, who sustained injuries in the accident, collected workmen's compensation benefits from the company's insurance carrier.

The judge denied the defendant's motion for a directed verdict which was grounded on the claim that G. L. c. 152 prohibited a suit against a fellow employee. The jury returned a verdict for the plaintiff. However, on motion of the defendant, the judge ordered judgment for the defendant notwithstanding the verdict. Mass. R. Civ. P. 50 (b), 365 Mass. 814 (1974). The judge's decision was correct.

In this Commonwealth, where compensation benefits are available under G. L. c. 152, an employee injured in the course of his employment by the negligence of a fellow employee may not recover from that fellow employee if he also was acting in the course of his employment. *Murphy* v. *Miettinen,* 317 Mass. 633, 635 (1945), and cases cited. This long settled principle of Massachusetts law has not been subject to serious dispute, and is not challenged in this proceeding.[1]

An employee covered under the Massachusetts Workmen's Compensation Act is afforded compensation for an injury which occurs outside of the Commonwealth. G. L. c. 152, § 26. Unless an employee gives timely notice to his employer of his reservation of common law rights (and the plaintiff here did not do so), an employee is treated as having waived "his right of action at common law or under the law of any other jurisdiction in respect to an injury ..." occurring in the course of his employment. G. L. c. 152, § 24.[2] "Massachusetts has assumed exclusive juris-

---

[1] Statute 1971, c. 941, § 1, which is not applicable to this 1970 accident (see *id.* § 2), amended G. L. c. 152, § 15, with language which recognizes this judicial construction of G. L. c. 152, § 15. Litigation in this area has dealt principally with the question whether the allegedly negligent fellow employee was acting in the course of his employment. See *Connolly* v. *Miron,* 353 Mass. 654 (1968).

[2] In *Gould's Case,* 215 Mass. 480, 486 (1913), we construed the Workmen's Compensation Act as applicable only to injuries received in this State. Statute 1927, c. 309, §§ 2 and 3, amended predecessor sections of G. L. c. 152, §§ 24 and 26, to refer to other jurisdictions. See *Lavoie's Case,* 334 Mass. 403, 406 (1956).

diction of rights to compensation where the contract of employment is made here and no notice in writing of claim of rights is given." *Migues's Case,* 281 Mass. 373, 375 (1933). We think it clear that Massachusetts law, as expressed in its Workmen's Compensation Act, contemplates that an employee covered under the act must look solely to his employer's compensation insurer (and any independent third-party tortfeasor) when he is injured in the course of his employment by the negligence of a fellow employee who is also acting in the course of his employment and that it makes no difference that the injury was received in another State.[3]

Although the defendant argues that these principles of Massachusetts law are dispositive of this case, the plaintiff contends that the substantive law of this Commonwealth is inapplicable to injuries arising from a tort which occurred in Connecticut. He argues that the Legislature has not mandated the application of Massachusetts substantive law to this case, that appropriate conflict of laws principles require this court to look to the law of the State of Connecticut, and that the law of Connecticut would permit the plaintiff to recover against a fellow employee in these circumstances.

It is clear that an employee injured in Connecticut in the course of his employment by the negligent operation of a motor vehicle by a fellow employee may recover from that fellow employee under Connecticut law. Many States permit a suit against a fellow employee in such circumstances. Annot., 21 A.L.R.3d 845, 850 (1968). Section 31-293a of the Connecticut General Statutes provides that "[i]f an *employee ... has a right to benefits or compensation under ...* [the Connecticut Workmen's Compensation Act] on account of injury ... caused by the negligence or

---

[3] In *Grant* v. *Carlisle,* 328 Mass. 25, 26 (1951), the employee was injured in Connecticut and conceded that, if she was an employee of the defendant, she was barred under G. L. c. 152, § 24, from maintaining a common law action against her fellow employee. The point which the plaintiff conceded in the *Grant* case is essentially the issue which is presented here.

wrong of a fellow employee, ... [that] right shall be the exclusive remedy of such injured employee ... and no action may be brought against ... [the] fellow employee *except for negligence in the operation of a motor vehicle ...* or unless such wrong was wilful or malicious" (emphasis supplied). Conn. Gen. Stat. § 31-293a (1977). That statutory provision seemingly would not aid the plaintiff in this case because he probably had no right to compensation under the Connecticut compensation act where the Massachusetts compensation act extended a right to benefits in this circumstance. *Hopkins* v. *Matchless Metal Polish Co.,* 99 Conn. 457, 464-465 (1923) (out-of-State compensation law applied to the exclusion of the Connecticut compensation law). Cf. *Douthwright* v. *Champlin,* 91 Conn. 524, 529-530 (1917) (Connecticut compensation act applied because, at the time, the Massachusetts act did not reach extraterritorially). But even if that provision of the Connecticut Workmen's Compensation Act did not apply to the plaintiff, apparently the plaintiff would be entitled to recover against a fellow employee under Connecticut law. In *Stulginski* v. *Cizauskas,* 125 Conn. 293, 297-298 (1939), at a time when there was no statutory restriction on suits against a fellow employee, the plaintiff was entitled to recover against a negligent fellow employee even after compensation benefits were paid. See *Farm Bureau Mut. Auto. Ins. Co.* v. *Kohn Bros. Tobacco Co.,* 141 Conn. 539, 543 (1954). Thus, we accept the plaintiff's claim that, as to motor vehicle tort claims, the law of Connecticut does not bar tort actions against fellow employees where the injury occurs in the course of their common employment. We shall return to the question whether the Supreme Court of Connecticut would apply this general principle when a plaintiff has workmen's compensation benefits available under the law of the place of his employment and under that law the employee waives any claims against a fellow employee for injuries incurred within or without the State of his employment while each is in the course of his employment.

1. We start our analysis by noting that the choice of

Saharceski *v.* Marcure.

law question involved in this case is not of constitutional dimensions. We are free to apply Connecticut law or Massachusetts law, just as Connecticut would have been free to apply the law of either State if this action had been brought there. *Carroll* v. *Lanza*, 349 U.S. 408, 413-414 (1955). 4 A. Larson, Workmen's Compensation § 88.21 (1976). Restatement (Second) of Conflict of Laws § 183 (1971).

The issue presented here has not been resolved uniformly in those cases where it has arisen and is left open by the Restatement (Second) of Conflict of Laws. See Restatement (Second) of Conflict of Laws § 184, Comment b (1971).[4] Some courts have undertaken to resolve the choice of law question by a largely mechanical, conclusory assertion of the result. Thus, the law of the forum has been applied, where the accident occurred out of State, by simply concluding that the forum's public policy is to deny recovery against a fellow employee. *Hockmuth* v. *Perkins*, 55 Ga. App. 649, 653 (1937). *Fagan* v. *John J. Casale, Inc.*, 16 Misc. 2d 1046, 1049 (N.Y. Sup. Ct. 1959). We do not regard the Connecticut rule of law as so repugnant to the declared policy of this State that we would not enforce it in appropriate circumstances.[5] On the other hand, the law of the forum allowing recovery against a fellow employee has been applied to a local accident in disregard of the exemption contained in the law of the State

---

[4] The Restatement notes that "[s]ome workmen's compensation statutes extend immunity from liability in tort or wrongful death to certain designated persons, such as fellow employees, who are not required to provide insurance against the particular risk. It is uncertain whether such immunity will be given effect in other states."

Section 184 indicates that the plaintiff's employer would be free from liability in tort in this circumstance.

[5] If *P* and *D* while in the course of their employment in Connecticut, and while covered by the Connecticut compensation act, were involved in a motor vehicle accident in which *D* allegedly negligently injured *P,* and if *P* were to sue *D* in Massachusetts, we would not decline to permit recovery to *P* on the ground that the Connecticut exception to the fellow servant statute was contrary to public policy of this Commonwealth.

of employment, perhaps on the ground that the exemption of the foreign law is obnoxious to the forum's public policy (*Hutzell* v. *Boyer*, 252 Md. 227, 233 [1969]), or on the simple assertion that the law of the place of the alleged tort governs all questions of law (*Ellis* v. *Garwood*, 168 Ohio St. 241, 246-247 [1958]).

In situations involving a conflict of laws concerning the fellow employee's claimed exemption from liability, the better reasoned cases focus on the established relationship of the parties, their expectations, and the degree of interest of each jurisdiction whose law might be applied. *Stacy* v. *Greenberg*, 9 N.J. 390, 397-398 (1952) (New York employment; New Jersey motor vehicle accident; New York law applied). *Hunker* v. *Royal Indem. Co.*, 57 Wis. 2d 588 (1973) (Ohio employment; Wisconsin motor vehicle accident; Ohio law applied). For cases involving claims against an employer or employer-related defendants, see *Miller* v. *Yellow Cab Co.*, 308 Ill. App. 217, 232-233 (1941); *Wayne* v. *Olinkraft, Inc.*, 293 So. 2d 896, 898-900 (La. Ct. App. 1974); *Busby* v. *Perini Corp.*, 110 R.I. 49, 51-53 (1972); *Fleet Transp. Co.* v. *Insurance Co. of N. America*, 340 F. Supp. 158, 160-161 (M.D. Ala. 1972); *Davis* v. *Morrison-Knudsen Co.*, 289 F. Supp. 835, 837 (D. Or. 1968). See also R.A. Leflar, American Conflicts Law § 163, at 405 (rev. ed. 1968). Of course, if the law of the State of the employment does not purport to limit a tort claim against a fellow employee who negligently caused an injury to the plaintiff in an out-of-State accident, there is no reason to bar an action against that fellow employee where the law of the place of the injury permits it. *Sade* v. *Northern Natural Gas Co.*, 458 F.2d 210, 214 (10th Cir. 1972).

In resolving the choice of law problem presented in this case, we believe it is appropriate to look directly to the substantive law of this Commonwealth. Although traditionally we would look to the law of the place of the alleged wrong to determine whether the defendant's conduct was tortious, the matter of the right of a particular resident of this Commonwealth to sue and recover from another resident of this Commonwealth may be governed more

properly in particular instances by Massachusetts law.[6] Thus, in *Pevoski* v. *Pevoski*, 371 Mass. 358, 360 (1976), we held, as to a New York motor vehicle accident, that the law of this Commonwealth should determine the question whether one spouse may sue and recover from the other. We noted that the interest of this Commonwealth in the question was more substantial than that of New York, the place of the tort. In the case before us, the interest of Connecticut in the dispute is no more substantial than was that of New York in the *Pevoski* case.

Although the considerations involved in permitting or denying a right of action differ in this case from those present in the *Pevoski* case, there are substantial reasons for looking to the law of Massachusetts to determine whether the plaintiff should be allowed to maintain an action against his fellow employee. Most significant are the reasonable expectations of the parties, each of whom was hired and lived in Massachusetts. The workmen's compensation law of this Commonwealth bars an employee from recovering from a negligent fellow employee. An employee, by not reserving his common law rights, is deemed to have waived any claim against a fellow employee regardless of where an accident may occur. The plaintiff had no reasonable basis for expecting to recover in this situation, and the defendant had no reason to expect that he would be liable. Additionally, reference to the law of the place of common employment provides both a certain source for the resolution of the issue and assurance that the ability to maintain a tort action will not turn solely on the fortuitous circumstance of where the accident takes place. See *Wilson* v. *Faull*, 27 N.J. 105, 117-120 (1958). The elimina-

---

[6] The case was tried, apparently without objection, on the theory of the defendant's negligence and not his gross negligence. This was an application of Connecticut law. See *Massa* v. *Nastri,* 125 Conn. 144, 146 (1939). Prior to January 1, 1972 (see St. 1971, c. 865, § 1, inserting G. L. c. 231, § 85L), gross negligence had to be proved under the law of this Commonwealth for a guest to recover. We imply no approval or disapproval of the application of Connecticut law in this respect. See Restatement (Second) of Conflict of Laws § 145, Comment d (1971).

tion of happenstance, a sort of unknowing geographical Russian roulette, as the controlling factor is particularly significant in a case where no business was to be transacted in the jurisdiction where the injury took place. As a matter of choice of law, we conclude that the substantive law of the Commonwealth should apply to bar recovery by the plaintiff in this case. See R.A. Leflar, American Conflicts Law §§ 104-105 (rev. ed. 1968).[7]

2. The result we reach might be attained by pursuing a different approach. Accepting the classical rule that the law of the place of the tort determines substantive rights, one might analyze this case in terms of the result which would be reached if this action had been brought in Connecticut. In such a case, one should look to the entire law of the State of Connecticut, including its conflict of laws rules.

The Connecticut Supreme Court has not been confronted with this question, and one can attempt to answer the question under Connecticut law only by anticipating the Connecticut result from decisions of that court on other conflict of laws questions.[8] In a recent opinion, the

---

[7] Professor Leflar has summarized the factors influencing choice of law to be: "(A) Predictability of results; (B) Maintenance of interstate ... order; (C) Simplification of the judicial task; (D) Advancement of the forum's governmental interests; (E) Application of the better rule of law." R.A. Leflar, American Conflicts Law § 105, at 245 (rev. ed. 1968).

[8] Almost twenty years ago, two Federal District Court judges undertook to deal with issues in this area. In *Anderson* v. *New York, N.H. & H.R.R.,* 159 F. Supp. 90, 91 (D. Conn. 1958), the judge concluded that the Connecticut court would consider whether the law of the place of the employment (Massachusetts) would bar a third-party tort action. However, in a closer case factually, involving a motor vehicle tort claim against a fellow employee, another judge concluded, without citing the *Anderson* case, that Connecticut would permit an employee to maintain an action against a fellow employee for injuries sustained in Connecticut in the course of their employment, although the law of the place of common employment (New York) would not. *Greene* v. *Verven,* 204 F. Supp. 585, 587-588 (D. Conn. 1959). In the first case but not the second, the employee had actually collected workmen's compensation benefits. In the second case, the fellow employee's contacts with Connecticut were as tenuous as those in the case before us. These cases were decided, of course, before 1967 when the Connecticut Legislature drastically limited the circumstances in which one could recover from a negligent fellow employee by enacting Conn. Gen. Stat. § 31-293a (1977).

Supreme Court of Connecticut has reaffirmed its position that "in motor vehicle cases '[t]he creation and extent of liability are fixed by the law of the state in which the tort is committed.' " *Gibson* v. *Fullin,* 172 Conn. 407, 411 (1977), quoting from *Bissonnette* v. *Bissonnette,* 145 Conn. 733, 734 (1958). In the *Gibson* case, the court noted that "[i]t has long been recognized that courts are not bound to decide all issues of a case under the local laws of a single state. In deciding this ultimate question, which does not frequently arise, we believe that the applicable law should not only be simple and easy to determine and apply, but should also lead to predictable and desirable results" (citation omitted). *Id.* at 412. The holding in the *Gibson* case was that a retroactive repeal of the Florida guest statute would not be recognized to permit a Connecticut resident to recover from another Connecticut resident for negligence in the operation of a motor vehicle in Florida. The reason given was a strong policy in Connecticut disfavoring retrospective laws. The Connecticut court declined to permit recovery for ordinary negligence by applying the substantive law of Connecticut, rejecting the idea of looking to the law of the jurisdiction with the "most significant relationship" or "center of gravity." *Id.* at 411. See Restatement (Second) of Conflict of Laws § 145 (1971). The court regarded "this newer approach" as "still very much in a transitional stage" and saw in the case before it "no compelling reason to abandon the traditional rule." *Gibson, supra* at 411.

On the question of interspousal immunity, the Connecticut court consistently refused to allow one Connecticut spouse to recover from the other who allegedly operated a motor vehicle negligently in a foreign jurisdiction where the local law denied one spouse the capacity to sue the other, even though Connecticut law did not bar such an action as to a Connecticut accident. *Menczer* v. *Menczer,* 160 Conn. 563, 564 (1971), and cases cited. Finally, the result was changed prospectively by statute. See Conn. Gen. Stat. § 52-572d (1977). Presumably, without the need for any statutory direction, we would take a view different from that of the Connecticut court as to Massachusetts

domiciliaries. See *Pevoski* v. *Pevoski*, 371 Mass. 358, 360 (1976).

In situations involving contractual relationships of a less personal nature than marriage, the Connecticut court has indicated respect for the law of the place of contract. In *Douthwright* v. *Champlin*, 91 Conn. 524, 529-530 (1917), the Connecticut court stated that it would have recognized the applicability of the Massachusetts workmen's compensation statute if Massachusetts had intended that it have extraterritorial effect. And, as indicated earlier, Connecticut will decline jurisdiction under its own Workmen's Compensation Act where the compensation law of the place of employment applies extraterritorially. *Hopkins* v. *Matchless Metal Polish Co.*, 99 Conn. 457, 464 (1923). In *Levy* v. *Daniels' U-Drive Auto Renting Co.*, 108 Conn. 333 (1928), the Connecticut court was concerned with a Massachusetts motor vehicle accident in circumstances where the lessor of a vehicle was not liable automatically under Massachusetts law for injury negligently caused by the lessee but was so liable under Connecticut law, the place of the leasing. The court treated the claim as founded on contract, even though the plaintiff had no contract with the defendant or any associated person, and applied Connecticut law. There is, thus, some support for the view that the Connecticut court would regard the facts of this case as involving principally a contractual relationship under Massachusetts law and not simply a tort claim under Connecticut law.

The conclusion that Connecticut might not apply Connecticut law in these circumstances is strengthened by the absence of strong local public policy considerations there in support of authorizing suits against fellow employees. Connecticut has abolished the right to sue a negligent fellow employee as a general principle of its law. The right to sue is limited now to motor vehicle torts and wilful or malicious conduct. Conn. Gen. Stat. § 31-293a (1977). The element of punishment for intentional or malicious wrongdoing is recognized, but Connecticut appears not to be concerned generally either with "punishment" of a negli-

gent wrongdoer or with providing recovery for an injured employee beyond the level of his available workmen's compensation. Indeed, the legislative policy behind the exemption for motor vehicle torts of fellow employees may be grounded on nothing more exhilarating than the allocation of losses between insurers.[9]

It is true that the exemption of employers from suit by the compensation law of the place of employment involves both a detriment and a gain to the employee, who loses his tort action in exchange for the certainty of compensation benefits (cf. *Pinnick* v. *Cleary*, 360 Mass. 1, 15 [1971]), while an exemption granted to a fellow employee involves no similar, direct exchange. However, such employees reciprocally surrender potential claims against one another in circumstances in which each is assured compensation benefits.

3. We suspect that the Connecticut court would regard Connecticut's transient interest in the circumstances of this case as insignificant in relation to the established, con-

---

[9] If one assumes the availability of both workmen's compensation coverage and motor vehicle coverage, the difference in legislative policy between Massachusetts and Connecticut results in the insurer of the negligent fellow employee sustaining the loss in Connecticut and in the employer's workmen's compensation carrier sustaining the loss in Massachusetts. This difference in policy seems not to involve a major disagreement on a subject of substantial social importance. In this Commonwealth, where coverage from two different kinds of insurance might be available, the general tendency has been to exonerate the non-workmen's compensation carrier and to place the responsibility on the workmen's compensation insurer. See G. L. c. 90, § 34A, defining "personal injury protection" for purposes of no-fault insurance coverage to deny no-fault benefits to any person entitled to payments or benefits under G. L. c. 152, the Workmen's Compensation Act. *Flaherty* v. *Travelers Ins. Co.*, 369 Mass. 482 (1976). See G. L. c. 90, § 34A, as amended through St. 1964, c. 517, § 2, for a pre-no-fault exclusion of coverage for an occupant of a vehicle who was entitled to workmen's compensation benefits. See also G. L. c. 176B, § 14, providing that a medical service corporation (Blue Shield) may not be liable where there is workmen's compensation coverage. In these circumstances, concepts of public policy which, it is said, should guide courts in their choice of law (cf. L. Locke, Workmen's Compensation § 50, at 58 [1968]) do not include punishing the wrongdoer or reimbursing the employer or its insurer. Massachusetts exonerates the fellow employee completely from civil liability. Connecticut does so as well except in two instances (motor torts and intentional misconduct).

tinuing employment relationship of the plaintiff, the defendant, and their employer under Massachusetts law. In any event, we elect in this case to look directly to our own substantive law which, no matter where such a suit may be brought, is in the words of the Supreme Court of Connecticut "simple and easy to determine and apply" and leads "to predictable and desirable results." *Gibson* v. *Fullin*, 172 Conn. 407, 412 (1977).[10]

*Judgment affirmed.*

---

[10] In our view, predictability is important not only after but before any claim arises, that is, the parties should have a reasonable basis for ascertaining their rights and potential obligations in advance of any conduct.