Houston, J.
Plaintiffs, Shawn and Laura Chandler (Chandler), brought this action against defendant, Richard Miller (Miller), in connection with a motor vehicle accident. Miller moves for summary judgment based on the general proposition that he is immune from suit as a fellow servant of a common employer. In response, Chandler filed a timely opposition and requested that summary judgment be entered dismissing Miller’s affirmative defense which asserts such immunity. For the following reasons, Miller’s motion is DENIED. Furthermore, Chandler’s motion is DENIED in part and ALLOWED in part.
BACKGROUND
Both Chandler and Miller were residents of Connecticut at the time of the accident which is the basis of this action. Chandler and Miller were employed by Ford, Bacon and Davis Sealants Company (FBD), which provides sealants for natural gas mains. Ford is located in Windsor, Connecticut. The paychecks and work assignments for Chandler and Miller were also issued from FBD’s Connecticut headquarters.
At the time of the accident, Chandler and Miller were working on a job site in Cambridge, Massachusetts. Chandler, Miller and another employee travelled to Massachusetts at the beginning of each work week and stayed overnight in hotels during the week.
The accident occurred on December 5, 1991, in Cambridge, Massachusetts. Chandler alleges that Miller negligently struck him while backing up a “keyhole” truck. The keyhole truck is owned by FBD. The keyhole truck was a flatbed truck, 1981 Chevrolet C-70 Series, licensed to travel on public ways. The keyhole truck was equipped with brakes, horn, lights, directionals, brake lights, mirrors, emergency brakes, fenders, suspension, and exhaust system. Furthermore, the keyhole truck was outfitted with a vacuum pump, air compressor and excavation equipment.
After the accident, Chandler received worker’s compensation payments from Aetna casualty and Surety Company, the worker’s compensation carrier for FBD. The claim was made in accordance to Connecticut worker’s compensation law, with a hearing before the Connecticut Worker’s Compensation Commission. All compensation payments were made from a Connecticut claims office and were administered under the laws of the state of Connecticut.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material facts and where the summary judgement record entitles the moving party to judgment as a matter of law. Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.R 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial demonstrates the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing the nonmov-ing party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
*532 The nonmoving party cannot defeat the motion for summary judgment by resting on its pleadings and mere assertions of disputed facts. LaLonde v. Eissner, 405 Mass. 207, 209 (1989). A court will grant summary judgment to the party entitled to judgment as a matter of law if all parties have moved for summary judgment and “there is no real dispute [concerning] salient facts” or if a case only involves a question of law. Cassesso v. Comm’r of Correction, supra.
Massachusetts has abandoned the traditional lex loci approach in favor of a more functional choice-of-law approach that responds to the interest ofthe parties, the states involved, and the interstate system as a whole. Pevoski v. Pevoski, 371 Mass. 358, 359-60 (1976). In so doing, Massachusetts has “adopted the general principles advanced in the Restatement (Second) of Conflict of Laws (1971).” Travenol Laboratories Inc. v. Zotal, Ltd., 394 Mass. 95, 99 (1985). This approach is commonly known as the “most significant relationship” analysis.
The analysis requires more than merely adding up tire various contacts; it necessitates careful balancing of the competing interests, which unavoidably results in some vagueness. Bushkin Associates, Inc. v. Raytheon Co., 393 Mass. 622, 631 (1985). While the method is more discretionary and therefore less predictable, its rejection of artificial conditions avoids the awkward and arbitrary results of the traditional approach. Id. at 541.
Ordinarily, the substantive law governing an action of tort for physical injury is that of the place where the injury occurred. Cosme v. Whitin Machine Works, Inc., 417 Mass. 643, 645 (1993); Restatement (Second) of Conflict of Laws §145 (1971). However, “another jurisdiction may sometimes be more concerned and more involved with certain issues” under the facts of a particular case. Cohen v. McDonnell Douglas Corp., 389 Mass. 327, 333 (1983), quoting Pevoski v. Pevoski, 371 Mass. at 360.
When there is a question as to whether another state has a more significant relationship to a particular tort claim, the appropriate law is determined by weighing the principles stated in §6 of the Restatement (Second) of Conflict of Laws, as well as those included in §145 ofthe Restatement. See Saharceski v. Marcure, 373 Mass. 304, 309 (1977). The relevant factors under §6 include: “(a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of the other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in determination and application of the law to be applied.” Subsection (2) of §145 ofthe Restatement (Second) of Conflict of Laws further delineates considerations used in determining the applicable law including the place where Ihe injury occurred, the place where the injury-causing conduct occurred, the domicil of the parties and the place where the relationship, if any, between the parties is centered.
The facts of this case clearly mitigate in favor of applying Connecticut law, at least with respect to Miller’s claims of immunity. First, Connecticut is the domicile of both Chandler and Miller. Second, the vehicle involved in the accident is owned and operated out of Connecticut. Third, Chandler filed his worker’s compensation claim in Connecticut and that state’s law governed the award of worker’s compensation benefits. Bushkin Associates, Inc. v. Raytheon Co., 393 Mass. at 633 n.6 (recognizing that “postransaction events properly may be considered”). Fourth, Connecticut has a general interest in governing the relationships between in-state employees who are only temporarily working out of state. Fifth, Connecticut has a legitimate interest in protecting its worker’s compensation scheme from unnecessary intrusions by other state’s laws. Sixth, the parties did not likely intend to adopt the laws of Massachusetts to govern their relationship merely because the two persons, both Connecticut residents and employees, left the state for several days a week for a temporary assignment in Massachusetts.
The above considerations notwithstanding, the most important factor that points toward the application of Connecticut law is the fellow employee relationship between Chandler and Miller. This is particularly true in a situation, like that found in this case, in which the defendant claims to be relieved from liability because of the common employment relationship to the plaintiff. Saharceski v. Marcure, 373 Mass. at 310; Restatement (Second) of Conflict of Laws §156, Comment f. In fellow servant situations, “reference to the place of common employment provides both a certain source for the resolution of the issue and assurance that the ability to maintain a tort issue will not turn solely on the fortuitous circumstances of where the accident takes place.” Saharceski v. Marcure, 373 Mass. at 311. Given the transitory nature of FBD’s frequent out-of-state assignments in response to ordinary business demand, including in states other than Massachusetts, FBD’s employees rights and duties would become subject to the whims of economic forces. Therefore, Miller’s attempt to avoid liability on the basis of G.L.c. 152, §24, which dictates that an employee is immune from suit by a fellow employee, is insupportable and Connecticut law must be applied.
With respect to Connecticut, state law specifically provides for suits in negligence against fellow employees involving motor vehicles Conn.Gen.Stat. §31-293a. The Connecticut exception to the general rule prohibiting claims against fellow servants applies only if the vehicle involved in the accident falls with the definition of “motor vehicle” as set out in Conn.Gen.Stat. §14-1(a) (47). The purpose of the motor vehicle exception to the exclusive remedy provision of the worker’s compensation law is “to distinguish between ‘simple negligence on the job’ from negligence *533 in the operation of a motor vehicle.” Dias v. Adams, 189 Conn. 354, 359-60, 456 A.2d 309, 312 (1983).
Therefore, the viability of Chandler’s claim under Connecticut law hinges on whether the keyhole vehicle is a motor vehicle as defined by statute. Pinheiro v. Board of Education, 30 Conn.App. 263 (1993). A motor vehicle is defined broadly as “any vehicle propelled or drawn by any non-muscular power.” Conn. Gen. Stat. §14-1(a) (47). The definition excepts various vehicles including “special mobile equipment... and any other vehicle not suitable for operation on a highway.” Special mobile equipment is defined elsewhere as “a vehicle not designed for the transportation of persons or property upon a highway and only incidentally operated or moved over a highway . . .” Conn. Gen. Stat. §14-165(i).
Both parties have submitted affidavits which illustrate a dispute as to the nature of the keyhole vehicle. With this genuine issue of material fact still in dispute, the record before the court is not such that it may conclude whether or not Connecticut’s worker’s compensation exclusivity exclusion applies.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiffs’ motion for summary judgment on the issue of defendant’s immunity under Massachusetts law be ALLOWED. It is further ORDERED that plaintiffs’ motion for summary judgment on the issue of defendant’s immunity under Connecticut law be DENIED. It is further ORDERED that defendant’s motion to dismiss on the basis of immunity under either Massachusetts or Connecticut state law be DENIED.