**Pauline STATHIS, Plaintiff,**

v.

**NATIONAL CAR RENTAL SYS., INC., and Vijay Sukhadeve, Defendants.**

**No. Civ.A.99–11805–WGY.**

United States District Court,
D. Massachusetts.

Aug. 8, 2000.

William A. Ryan, Jr., Comins & Newbury, Boston, MA, for Pauline A. Stathis, plaintiff.

David A. Hilton, Morrison, Mahoney & Miller, Boston, MA, for National Car Rental Systems, Inc., defendant.

John L. Kerr, Neville & Kelley, Lexington, MA, for Vijay Sukhadeve, defendant.

Peter A. Palmer, Fuller, Rosenberg, Palmer & Beliveau, Worcester, MA, for Pauline A. Stathis, Pauline Stathis, Administratrix of the estate of Charles P. Stathis third-party defendant.

*MEMORANDUM AND ORDER*

WILLIAM G. YOUNG, Chief Judge.

**I. INTRODUCTION**

The plaintiff, Pauline Stathis ("Stathis"), seeks a ruling that National Car Rental Systems, Inc. ("National") is jointly and severally liable pursuant to Maine law for any damages caused by the negligence of the driver of the rental vehicle, Vijay Sukhadeve ("Sukhadeve"). National counters that Massachusetts law, which does not impose the same owner liability, applies in this case. Not surprisingly, Sukhadeve is in complete support of Stathis' motion.

**II. FACTUAL BACKGROUND**

For purposes of this motion only, the parties have stipulated to certain facts. On October 5, 1996, Stathis, a Massachusetts resident, was a passenger in a vehicle struck by a vehicle driven by Sukhadeve in Norwood, Massachusetts. Sukhadeve is a citizen of India, who, at the time of the accident, was living and working in Maine. Sukhadeve was licensed to drive by Maine and had rented the car in Maine from National. The car was owned by National and registered in Maine. The terms of the rental agreement allowed Sukhadeve to operate the vehicle in states other than Maine.

**III. DISCUSSION**

A. *The Statutes*

Maine law offers Stathis the possibility of a more certain recovery of her damages. Under a chapter labeled "Financial Re-

sponsibility and Insurance," Maine mandates that an owner and renter of a vehicle are jointly and severally liable for any damages caused by the negligence of a person operating the vehicle. *See* Me.Rev. Stat.Ann. Tit. 29–A, § 1652(1) (West 1999). All vehicles registered in the state are required to have proof of insurance. *See id.* § 1605. To be accepted as proof of financial responsibility, an insurance policy must, *inter alia,* include the condition that the insured satisfy a judgment "[a]rising out of the ownership, operation, maintenance, control or use of a vehicle within the limits of the United States of America or Canada...." *Id.* § 1605(B)(3).

Massachusetts does not have a similar liability law. In cases involving a collision such as this one, Massachusetts law simply states that registration of the vehicle in the name of the owner "shall be prima facie evidence that it was then being operated by and under the control of a person for whose conduct the [owner] was legally responsible...." Mass.Gen.Laws ch. 231, § 85A (2000). In contrast to the Maine law, this is a rule of evidence and, therefore, does not address liability. Instead, based on the common law, an owner's responsibility in Massachusetts is derivative. *See Gangl v. Ford Motor Credit Co.,* 37 Mass.App.Ct. 561, 563, 641 N.E.2d 709 (1994). The owner's responsibility is "[l]ike the responsibility of a principal for the negligence of his agent, or a master for that of his servant." *Id.* Thus, the defendant can rebut the prima facie case by establishing that the driver was neither an agent nor a servant. *See Cheek v. Econo–Car Rental Sys. of Boston, Inc.,* 393 Mass. 660, 662, 473 N.E.2d 659 (1985) (Nolan, J., dissenting).

Although not cited by either party, Massachusetts law provides some guidance with respect to rental companies such as National. A Massachusetts resident with comprehensive insurance coverage is covered in a rented vehicle—i.e., the driver's insurer pays for any collision damage to a rented or borrowed automobile. *See*

Mass.Gen.Laws ch. 90, § 32E½ (1999). For drivers lacking comprehensive coverage or personal insurance, a rental company is required to offer a "Collision Damage Waiver" for an additional fee. *See id.* § 32E½ (B)(1). The purchase of the waiver, however, is optional. The law sets forth specific provisions regarding insurance coverage that must be contained in a rental contract entered into in Massachusetts. There is no Massachusetts law addressing the liability or insurance coverage required by vehicles rented in a different state.

## B. *Choice of Law*

■ Massachusetts law adopts no particular approach to either tort or contract. Instead, it seeks a "functional choice-of-law approach that responds to the interests of the parties, the States [or foreign countries] involved, and the interstate system as a whole." *Bushkin Assocs., Inc. v. Raytheon Co.,* 393 Mass. 622, 631, 473 N.E.2d 662 (1985). The law of the state that has the more significant relationship to the parties and the underlying circumstances will be applied. *See Dunfey v. Roger Williams Univ.,* 824 F.Supp. 18, 20 (D.Mass.1993) (Gorton, J.).

> Where the issue involves standards of conduct, it is more than likely that it is the law of the place of the tort which will be controlling but the disposition of other issues must turn, as does the issue of the standard of conduct itself, on the law of the jurisdiction which has the strongest interest in the resolution of the particular issue presented.

*Pevoski v. Pevoski,* 371 Mass. 358, 360, 358 N.E.2d 416 (1976). Thus, different law could apply to different aspects of a case, depending on which state has the dominant interest in its resolution. *See Cohen v. McDonnell Douglas Corp.,* 389 Mass. 327, 333, 450 N.E.2d 581 (1983). The Supreme Judicial Court has admitted that this approach seeks a "fair result ... while producing less predictability." *Bushkin,* 393 Mass. at 631–32, 473 N.E.2d 662. In

this case, the situs of the accident does not provide a clear answer. *See Michaud v. United States Fire Ins. Co.,* 11 Mass. L.Rptr. 61, 2000 WL 16767, at *5 (Mass.Super.Ct. Dec. 27, 1999) (ruling that even though accident occurred in New Brunswick, Canada, Massachusetts had more significant relationship to underlying circumstances).

In *Bushkin,* Justice (later Chief Justice) Herbert Wilkins outlined the factors listed in Restatement (Second) of Conflicts of Law (1971) as relevant to Massachusetts' choice of applicable law. Those factors include:

(a) the needs of the interstate system;

(b) the relevant policies of the forum;

(c) the relevant policies of other interested states;

(d) the protection of justified expectations;

(e) the basic policies underlying the law;

(f) predictability and uniformity of result; and

(g) the ease in the application of the law to be applied.

While Massachusetts courts do not rigidly apply these factors, they have been used for guidance. *See Bushkin,* 393 Mass. at 634, 473 N.E.2d 662 ("No simple and objective test can provide an acceptable choice-of-law answer . . . ."). At oral argument, the parties here agreed that the Restatement factors supplied the appropriate analytic framework.

(a) the needs of the interstate system and (f) predictability and uniformity of result—

First, the interstate system and rental companies have an interest in predictability. Maine and Massachusetts regulate owner liability and the insurance necessary for rental cars differently. National entered into a rental contract with Sukhadeve in accordance with the laws of Maine. It registered and insured the rental cars as required by Maine. It knew that Maine imposed owner liability. To adopt National's position would be to subject tortfea-

sors and their victims to the various liability laws of the fifty states—predicated largely on where the accident occurred. Moreover, a rental company, regardless of where the car was registered, insured and rented, would be subject to vacillating laws.

(b) the relevant policies of the forum and (e) the basic policies underlying the law—

It does not appear that Massachusetts has a policy restricting the imputed liability of an owner of a car, registered in another state, which is involved in a collision, on the basis of which a Massachusetts resident makes claims against the foreign resident. Massachusetts has devised a distinct set of rules for the insurance needs of rental vehicles *rented in* Massachusetts. *See* Mass.Gen.Laws ch. 90, § 32E½. There is no Massachusetts law addressing the liability or insurance coverage of vehicles rented in a different state. Yet, Massachusetts has an interest in seeing its citizens compensated for injury.

(c) the relevant policies of other interested states—

Maine law imposes joint and several liability on National for the negligence of Sukhadeve, which is presumed for purposes of this motion. *See* Me.Rev.Stat. Ann. tit. 29–A, § 1652(1). In addition to financial responsibility, Maine law requires National to carry an insurance policy that extends to accidents that occur outside the boundaries of Maine. *See id.* § 1605. Thus, the Maine legislature anticipated that accidents involving Maine drivers would take place in other jurisdictions. Although section 1605 has not been interpreted in the choice of law context, it shows a concern for residents of other states who may be injured as a result of the activities of Maine residents.

In addition, the automobile insurance laws of Maine appear to be aimed at protecting innocent victims of Maine registrants, whether injured in Maine or elsewhere. The express yoking of section

**58**

1652 to Maine's insurance laws makes it clear that imputed owner liability is part of the general scheme of Maine insurance laws—laws aimed at protecting innocent victims of tortfeasors. Maine has an interest in having its laws applied on this issue so that those regulated by its insurance standards will be required to fulfill its ends. To allow National to escape liability based on where the accident occurred would frustrate the Maine legislature's attempts to regulate insurance and liability of vehicles rented within its borders.

(d) the protection of justified expectations—

Sukhadeve, the tortfeasor, rented the vehicle in Maine pursuant to the Maine laws regulating insurance for rental vehicles. National registered the car in Maine and insured it under Maine's laws. Stathis expects to be fully compensated for her injuries. While it was to be anticipated that Massachusetts' "rules of the road" would apply in Massachusetts, there is no clear expectation that Massachusetts' insurance and liability laws would apply. In contrast, the relationship of the tort to the Maine law is significant.

(g) the ease in the application of the law to be applied—

Maine is easy. If Sukhadeve is found negligent, National is joint and severally liable. Massachusetts is slightly more complex. If Sukhadeve is found negligent under Massachusetts law, National will only be liable if there was a principal-agent or master-servant relationship. Stathis can present evidence that National is the registered owner to meet her burden under Mass.Gen.Laws ch. 231, § 85K. The burden of going forward then rests upon National to present evidence that a principal-agent and master-servant relationship did not exist. Even if it does so, the judge will charge the jury with respect to the *prima facie* relationship between vehicle ownership and liability.

## IV. CONCLUSION

In this case, the presumed tortfeasor is a Maine resident, licensed to drive by Maine, who rented a car, insured pursuant to the laws of Maine, from National in Maine. Maine is the state with the most significant relationship to the issue of owner liability. Consequently, in light of the application of the *Bushkin* considerations, Maine law applies and Stathis' Motion for Partial Summary Judgment [Docket No. 20] is GRANTED.