BARBARA A. FREDETTE[1] & another[2] *vs.* A. BRUCE SIMPSON.

Norfolk. September 3, 2003. - October 28, 2003.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Workers' Compensation Act,* Action against coemployee. *Husband and Wife,* Consortium.

The judge in a civil action properly granted summary judgment in favor of the defendant, who was protected by the coemployee immunity provision of the Workers' Compensation Act, G. L. c. 152, § 15, for injuries to a fellow employee that occurred while the defendant was acting in the course of his employment. [265-268]

Because the Workers' Compensation Act (Act), G. L. c. 152, § 24, prohibits a loss of consortium action based on any injury to an employee that is compensable under the Act, the judge in a civil action brought under the Act properly denied a motion to add a claim of loss of consortium. [268-269]

CIVIL ACTION commenced in the Superior Court Department on June 12, 1998.

A motion for leave to file a second amended complaint was considered by *Patrick F. Brady*, J., and the case was heard by him on a motion for summary judgment.

The Supreme Judicial Court granted an application for direct appellate review.

*David W. Heinlein* (*Jeffrey S. Beeler* with him) for Kevin B. Nugent.

*Richard T. Corbett* for Barbara A. Fredette.

*John F. Leahy, Jr.*, for the defendant.

The following submitted briefs for amici curiae:

*David R. Bikofsky & J. Michael Conley* for Massachusetts Academy of Trial Attorneys.

*Ben Robbins* for Associated Industries of Massachusetts & another.

[1]As mother and next friend of Cheval Tremblay and David J. Tremblay.
[2]Kevin B. Nugent, guardian of David Tremblay.

*Mary L. Bonauto, Michele E. Granda, & Karen L. Loewy* for Gay & Lesbian Advocates & Defenders.

IRELAND, J. This case concerns an industrial accident in which David Tremblay, an employee of Shield Packaging Co., Inc. (Shield), was severely and permanently injured when the backhoe truck tire he was repairing exploded. The plaintiffs sued and eventually settled Tremblay's workers' compensation claim against Shield for $750,000. They also reached settlements with all other parties except A. Bruce Simpson. The Superior Court allowed Simpson's motion for summary judgment with regard to negligence claims brought against him, holding that Simpson was entitled to coemployee immunity under G. L. c. 152, the Workers' Compensation Act (Act). The plaintiffs appealed and we granted their application for direct appellate review.[3] Because we conclude that these were work-related injuries that are governed exclusively by workers' compensation, we agree with the Superior Court that Simpson is protected by the Act's coemployee immunity provision, G. L. c. 152, § 15.[4] We therefore affirm the judgment of the Superior Court.[5,6]

*Facts.* In the early or mid-1980's, Simpson, the vice-president in charge of operations and a one-third shareholder of Shield, bought a backhoe truck at a salvage yard auction and delivered it to Shield's facility in Dudley for use at Shield. In the years since that purchase, the truck has been used mainly for excavation work in Shield's business. At all relevant times Simpson knew that the backhoe had wheels with multi-piece rims, and

---

[3]The plaintiffs appealed from the entry of summary judgment and the denial of an earlier motion to amend the complaint to add a claim of loss of consortium on behalf of Fredette individually. At the time of the accident, Fredette was Tremblay's cohabiting but unmarried partner.

[4]General Laws c. 152, § 15, provides in pertinent part: "Nothing in this section, or in section eighteen or twenty-four shall be construed to bar an action at law for damages for personal injuries . . . by an employee against any person *other than* the insured person employing such employee . . . and said insured person's employees" (emphasis added).

[5]Because of our ruling on the issue of workers' compensation coemployee immunity, we need not reach the issue of Fredette's claim for loss of consortium. See part 2, *infra.*

[6]We acknowledge the amici curiae briefs filed by Associated Industries of Massachusetts and New England Legal Foundation. We also acknowledge the amicus curiae brief filed by the Massachusetts Academy of Trial Attorneys.

was generally aware of the risk of injury from exploding rims when a tire was being inflated.

Simpson received an order to remove railroad ties on Shield property from Shield's president, and relayed the instructions to his son, Ryan Simpson, also an employee of Shield. On November 12, 1997, Ryan Simpson was supervising David Tremblay, a maintenance worker at Shield, as Tremblay was changing a tire on the backhoe truck to prepare the truck for use in removal of the railroad ties on Shield's property. The backhoe's multi-piece tire rim explosively separated, striking Tremblay in the forehead. As a result of this injury, surgeons had to remove a large part of Tremblay's forehead, a substantial portion of the left frontal lobe of his brain, and his right eye. Tremblay is now legally blind and suffers from permanent and severe brain injury. The parties do not dispute that Tremblay was injured while working for Shield.

The plaintiffs sued, and eventually they settled Tremblay's workers' compensation claim against Shield for $750,000 and their product liability claims against the manufacturers of the truck and the locking ring mechanism incorporated into the tire. The plaintiffs also sued Simpson individually, alleging that Simpson was negligent because he (1) failed adequately to train and supervise Tremblay, (2) did not warn of the known danger posed by the multi-piece tire rims and provide protective gear to those who foreseeably would service the truck, and (3) transferred the backhoe truck to Shield with knowledge of its dangerous condition and failed to warn others or otherwise address the known danger. Simpson moved for summary judgment on the ground that Tremblay's negligence claims were barred by the coemployee immunity provision of the Act. G. L. c. 152, § 15. The Superior Court judge allowed Simpson's motion on all three counts. This appeal followed.

*Discussion.*

1. *Granting of summary judgment.*

a. *Summary judgment standard.* The Superior Court judge properly allowed the defendant's motion for summary judgment. The grant of summary judgment will be upheld on appeal when, "viewing the evidence in the light most favorable to the non-moving party, all material facts have been established and the

moving party is entitled to a judgment as a matter of law. . . .
[The appellate court] may consider any ground supporting the
judgment." (Citations omitted.) *Augat, Inc.* v. *Liberty Mut. Ins.
Co.*, 410 Mass. 117, 120 (1991).

b. *Coemployee immunity provision of G. L. c. 152, § 15.*
Workers' compensation is the exclusive remedy against employ-
ers and coemployees who commit tortious acts "within the
course of their employment and in furtherance of the employer's
interest." *Brown* v. *Nutter, McClennen & Fish*, 45 Mass. App.
Ct. 212, 216 (1998). An employee is thus immune from tort li-
ability under the Act, provided that his or her negligence that
resulted in another employee's injury occurred in the course of
employment. *Mulford* v. *Mangano*, 418 Mass. 407, 410-411
(1994). *Saharceski* v. *Marcure*, 373 Mass. 304, 306 (1977). Co-
employees, however, may be sued for tortious acts committed
outside the course of employment and for reasons "unrelated to
the interest of the employer." *Brown* v. *Nutter, McClennen &
Fish, supra* at 216, citing L. Locke, Workmen's Compensation
§ 10.5, at 273 (Nason & Wall Supp. 1995). See G. L. c. 152,
§§ 23-24. An objective test is used to assess whether the coem-
ployee acted in the course of employment or "at least in part
for a job-related purpose." *Mulford* v. *Mangano, supra* at 412.

c. *"Course of employment" test.* The "course of employ-
ment" test used in workers' compensation cases is much broader
than the "scope of employment" test applied to determine
whether a master is liable for a servant's negligent acts. See
*Mulford* v. *Mangano, supra* at 410-411; *Mendes* v. *Tin Kee Ng*,
400 Mass. 131, 134-135 (1987); *Saharceski* v. *Marcure, supra*
at 306 (implicitly rejecting narrower "scope of employment"
test); G. L. c. 152, § 15 (see note 3, *supra*). An employee has
acted in the course of employment whenever he has, on the
employer's premises, engaged in conduct consistent with his
contract of hire and pertinent or incidental to his employment.
*Mulford* v. *Mangano, supra* at 411. Furthermore, an employee
has acted in the course of employment even if he has more than
one purpose for doing an act, "as long as one significant purpose
is related to the employment." *Mendes* v. *Tin Kee Ng, supra* at
134-135. The relevant inquiry with respect to claims against co-
employees is not whether the coemployee owned the equipment

that caused the injury, but whether, at the time of the injury, the coemployee acted in some way related to his or her employment. *Id.* at 134 (emphasizing "time of the accident" as relevant time frame for coemployee immunity inquiry and focusing on purpose for employee's actions, not on ownership of instrumentality). *Mulford* v. *Mangano, supra* at 409-411 (implying that time of injury is relevant time frame for coemployee immunity inquiry). *Saharceski* v. *Marcure, supra* at 305-307 (looking only to coemployee's actions on date of accident). G. L. c. 152, §§ 1-24.

Under the broad "course of employment" test of employee immunity, an employee is acting within the course of employment when he provides equipment for his employer's use. We have applied coemployee immunity in a case where one employee's equipment indirectly served the employer's interest by providing the employee with transportation to and from work. *Mendes* v. *Tin Kee Ng, supra* at 135 (employee who struck another employee with car while arriving at work acted in course of employment). Coemployee immunity would therefore apply in a case where the instrumentality directly served the employer's interest by performing services for the employer's benefit and profit. See *id.*; *Security Roofing & Constr. Co.* v. *United States*, 163 F. Supp. 794, 796 (D. Mass. 1958) (recognizing that workers bring their own tools to work to further their employer's business, not theirs).

The plaintiffs argue that the grant of Simpson's motion for summary judgment was erroneous because there is a genuine question whether Simpson acted in the course of his employment when he purchased the backhoe and delivered it to Shield. The plaintiffs also contend that Simpson is not entitled to the protection of the Act's coemployee immunity provision because Simpson's breach of duty occurred before Tremblay and Simpson became coemployees. In both arguments the plaintiffs' fixation on some date earlier than the period of Tremblay and Simpson's common employment is extraneous. As we have explained above, our case law is clear that for the purposes of the Act's coemployee immunity provision, the operative time frame is the time of the accident and not some earlier date. *Mendes* v. *Tin Kee Ng, supra* at 134.

According to the principles we have set forth above, it is irrelevant when and why Simpson purchased the backhoe. It is also of no consequence whether Simpson or Shield owned the backhoe at the time Tremblay was injured. *Id.* (focusing on "course of employment," not on ownership). The only relevant inquiry remains whether, on the day of the accident, Simpson acted in the course of his employment when he provided the backhoe for use at Shield and ordered Tremblay to repair the backhoe without warning him of the dangers posed by its multi-piece rims. *Id.* (critical inquiry is whether coemployee acted in course of employment at time of accident).[7]

d. *Conclusion.* Simpson acted on the orders of Shield's president and, thus, in a way significantly related to his employment when he instructed Tremblay to repair the truck. Additionally, Simpson acted to further his employer's purposes when he provided the backhoe for removal of railroad ties on Shield's property. We therefore conclude that at the time of the accident Tremblay and Simpson were coemployees, and that Simpson acted in the course of his employment in both providing the backhoe for use at Shield and ordering Tremblay to prepare the backhoe for removal of railroad ties on property of Shield. Thus, even if Simpson had been negligent in not warning Tremblay of dangers associated with the backhoe's multi-piece tire rims, the order allowing Simpson's motion for summary judgment must be upheld.[8]

2. *Denial of motion to amend complaint.*

The exclusivity provision of G. L. c. 152, § 24, prohibits a

---

[7]The test for coemployee immunity has sometimes been expressed as an inquiry whether the coemployee, if injured in the same accident, would have been entitled to workers' compensation, and if not, then such coemployee could not be said to have acted in the course of employment. See *Meade* v. *Ries*, 642 N.W.2d 237, 244 (Iowa 2002); *Blank* v. *Chawla*, 234 Kan. 975, 982 (1984); *Jackson* v. *Hutchinson*, 453 S.W.2d 269, 270 (Ky. 1970). This is essentially the same rule that this court recognized in *Mulford* v. *Mangano*, 418 Mass. 407, 409 & n.2 (1994) (coemployee immunity rule under G. L. c. 152 "involves the same 'course of employment' standard that determines whether an employee is acting in the course of employment and thus is entitled to workers' compensation"). Here, had Simpson also been hit by the exploding tire rim, he would have been eligible for workers' compensation.

[8]Given our decision, we acknowledge, but need not separately address, the plaintiff's argument regarding the "dual persona" theory.

loss of consortium action based on "any injury to the employee that is compensable under" the Act. See *St. Germaine* v. *Pendergast*, 411 Mass. 615, 627 (1992) (concluding that Act bars all loss of consortium suits based on injuries covered by Act). As we have explained above, Tremblay's injury is covered by the Act. Therefore, even if Tremblay and Fredette had been married at the time of Tremblay's injury, Fredette would not have been able successfully to maintain a loss of consortium claim, and we need not consider whether the right to bring a loss of consortium claim should be extended to unmarried partners. See *Feliciano* v. *Rosemar Silver Co.*, 401 Mass. 141 (1987).

*Judgment affirmed.*