Merrick, P.J.
Defendants Roy Merenda and his wife Anita, as tenants by the entirety, owned the building at 35 Mystic, Everett, Massachusetts. Roy Merenda was the sole shareholder in Merenda & Sons, Inc. (the “Corporation”), a flooring business which used the building for office and storage purposes and was its sole *39 occupant. Roy Merenda was also an employee of the Corporation and served as its president On December 15,2000, plaintiff Louis Paolucci (“Paolucci”), an employee of the Corporation, fell when a part of the steps to the basement in the building collapsed. After the accident, Paolucci applied for, and received, workers’ compensation benefits from Guardian Insurance Company, the Corporation’s insurer.
Paolucci brought this action to recover for personal injuries against Roy and Anita Merenda as the owners of the properly. The Merendas moved for summary judgment, claiming that they were employers or coemployees of Paolucci’s and thus released from liability by G.L.c. 152, §23. Paolucci has appealed the allowance of the Merendas’ summary judgment motion.
1. Workers’ compensation is the exclusive remedy against employers and coem-ployees who commit tortious acts “within the course of their employment and in furtherance of the employer’s interest.” Fredette v. Simpson, 440 Mass. 263, 266 (2003). The Merendas argue that because Roy Merenda was the sole owner of the Corporation, his other function of ownership of the building may be treated separately only if that other “function generates [responsibilities] unrelated to the entity’s status as employer.” Barrett v. Rodgers, 408 Mass. 614, 619 (1990). The actual sentence in Barrett reads: "... a second function of a single entity results in a second persona only when that function generates obligations unrelated to the entity’s status as employer [emphasis added].” Roy Merenda and the Corporation are separate legal entities. Paolucci relies on the Appeals Court’s holding in Searcy v. Paul, 20 Mass. App. Ct. 134 (1985), that an injured employee may “bring an action for negligence against third parties, either individuals or corporations, even if in some degree affiliated with the insured employer corporation.” Id. at 139. However, “[t] he Appeals Court [in Searcy] found no basis to disregard the ‘corporate fiction’ in order to immunize distinct legal entities from suit.” Barrett v. Rodgers, supra at 617.
As Roy Merenda and the Corporation are separate legal entities, neither of the Merendas is entitled to be treated as Paolucci’s employer.
2. The Merendas also argue that they are excused from liability under the rule barring actions against “coemployees who commit tortious acts ‘within the course of their employment and in furtherance of the employer’s interest.’”[2] Fredette v. Simpson, supra, at 266, quoting Brown v. Nutter, McClennen & Fish, 45 Mass. App. Ct. 212, 216 (1998). While it is not disputed that Roy Merenda was a coemployee, Paolucci argues in his reply brief that Roy Merenda “did not commit his negligence while acting within the course of his employment with their [sic] employer and therefore is still amenable to suit.” However, “[t]he ‘course of employment’ test used in worker’s compensation cases is much broader than the ‘scope of employment’ test applied to determine whether a master is liable for a servant’s negligent acts.” Fredette, supra, at 266, citing Mendes v. Tin Kee Ng, 400 Mass. 131, 134-135 (1987).
An employee has acted in the course of employment whenever he has, on the employer’s premises, engaged in conduct consistent with his contract of hire and pertinent or incidental to his employment, [citation omitted] Furthermore, an employee has acted in the course of employment even if he has more than one purpose for doing an act, ‘as long as one significant purpose is related to the employment.’
Fredette, supra, quoting Mendes v. Tin Kee Ng, supra, at 134-135. The allegation in this case against the Merendas is that they permitted a dangerous condition to *40 exist in the building. Since Roy Merenda was the president of Merenda & Sons, Inc., the sole occupant of the building, Merenda’s attending to the safety of the leased premises would be “related to the employment.” Therefore, this action may not be maintained against Roy Merenda, individually.
3. The parties agree that defendant Anita Merenda was a passive owner of the building and had no connection with Merenda & Sons, Inc. As a property owner, Anita Merenda had an owner’s duty to use reasonable care to maintain the building in a safe condition. Whether that duty was satisfied by a delegation of that function to her husband, Roy Merenda, or to the Corporation, is a question of fact the resolution of which will depend upon evidence of the express or implied terms of the Corporation’s occupancy and the facts concerning maintenance of the property.
Summary judgment in favor of defendant Roy Merenda is affirmed. The summary judgment in favor of defendant Anita Merenda is vacated, and the case is returned to the Malden Division for trial.
So ordered.

 In Searcy v. Paul, the Appeals Court did not discuss whether the individual defendant who owned the employer corporation was a coemployee.