Henry, Bruce R., J.
INTRODUCTION
This civil action for damages arises from a claim of false arrest made by the Plaintiff, Paige A. Priester (“Priester”), against an individual police officer, Todd Hammond (“Hammond”) and his employer, the Town of Auburn (“Town”). Priester filed a seven-count complaint against Hammond, and jointly charged the Town with six of those claims. The Defendant Town now moves for Summary Judgment on all of the claims against it, or, in the alternative, moves to dismiss two of the charges against it. Priester has filed an opposition, and a non-evidentiary hearing on the motion was held on April 26, 2006. For the following reasons, the Town’s Motion for Summary Judgment is ALLOWED, in part, and DENIED, in part, and its Motion to Dismiss is ALLOWED.
BACKGROUND
The relevant and undisputed factual and procedural background of the case is as follows. The plaintiff filed a complaint against the Town and Hammond, an employee of the Town, containing the following claims: civil rights violations (Count I), assault and battery (Count II),[1] negligence (Count III), false imprisonment and arrest (Count IV). abuse of process (Count V), emotional distress (Count VT), and harassment (Count VII). Neither defendant answered the complaint and defaults were entered against both. Both defendants moved to have the defaults removed; default was removed as to Hammond but not as to the Town.[2]
Hammond subsequently moved for summary judgment on all seven counts of the complaint against him. The summary judgment motion was allowed, there having been no opposition received from Priester. The Town now moves for summary judgment pursuant to Mass.R.Civ.P. 56 on the basis that since the liability claimed against it is vicarious in nature and since judgment has been entered for Hammond on all counts, the Town cannot be liable for any of the claims in the complaint. The Town seeks, in the alternative, to dismiss two counts of the plaintiffs complaint against it pursuant to Mass.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted.
DISCUSSION

Standard of Review Summary Judgment

Summary judgment is appropriately awarded when there are no disputed issues of material fact and where the moving pariy is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Corn, 390 Mass. 419, 422 (1983); Cmty. Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976). Summary judgment constitutes a final judgment on the merits for res judicata purposes. Assoc’d Gen. Contractors of Massachusetts v. Boston Dist Council of Carpenters, 642 F.Sup. 1435, 1442 (D.Mass 1986); Wright Mach. Corp. v. Seaman-Andwall Corp., 364 Mass. 683, 695 (1974).
Dismissal
A claim for relief need contain only “a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for the relief to which he deems himself entitled.” Mass.R.Civ.P. 8(a). When evaluating the sufficiency of a complaint under Rule 12(b)(6), the court must accept as true the well-pleaded factual allegations in the complaint and any reasonable inferences in the plaintiffs favor that may be drawn from the allegations. Faineny v. Savogran Co., 422 Mass. 469, 470 (1996). The court can only look to the sufficiency of the complaint and may not consider any other materials without turning the Rule 12 motion to dismiss into a Rule 56 motion for summary judgment. Gibbs Ford, Inc. v. United Truck Leasing, 399 Mass. 8, 13 (1987).
Default
Generally, once a defendant is defaulted, the factual allegations of a complaint are accepted as true for the *150 purpose of establishing liability. Danca Corp. v. Raytheon Co., 28 Mass.App.Ct. 942, 943 (1990); Multi Technology, Inc. v. Mitchell Mgmt. Sys., Inc., 25 Mass.App.Ct. 333, 335, rev. denied, 402 Mass. 1101 (1988). Even after a default has been entered, the court may consider whether a legitimate cause of action has been alleged and admitted. American Velodur Metal, Inc. v. Schinabeck, 20 Mass.App.Ct 460, 469, rev. denied, 396 Mass. 1101, cert. denied, 475 U.S. 1018 (1985). A judge has discretion to allow a defaulted party an opportunity to present his defense on the merits if the proffered defense is worthy of a hearing. White v. White, 337 Mass. 114, 116 (1958); Hyde Park Savings Bank v. Davankoskas, 298 Mass. 421, 422 (1937). In cases, such as this one, that involve derivative liability rather than joint or several liability, such as principal-agent or master-servant relationships, if there is a finding that the agent or servant is not liable, then as a matter of law, the principal or master cannot be found liable. See Gangl v. Ford Motor Credit Co., 37 Mass.App.Ct. 561, 563 (1994), citing Frow v. De La Vega, 82 U.S. 522 (1872).

The Town’s Ability to Bring the Instant Motions

In this case, it is appropriate for the court to address the Town’s motions for summary judgment and to dismiss. Although, once defaulted, a defendant may not contest the facts or liability which the default has established, a defendant may argue that he has a meritorious defense to the imposition of default or to the claim. See White, 337 Mass. at 116. Furthermore, the court may appropriately consider whether a valid legal claim has been made against the defaulted defendant at anytime prior to the entry of final judgment. See Doodlesack v. Superfine Coal & Ice Corp., 292 Mass. 424, 429 (1935). Here, final judgment has not yet been entered as to the Town, so the court may consider whether the plaintiffs claims against the Town have any viable legal basis.

The Plaintiff’s Claims Against the Town Counts IV - VII

Summary judgment is awarded in favor of the Town on all counts except for Count I, the claimed civil rights violation under G.L.c. 12, §11 (h), which must be dismissed for failure to state a claim upon which relief may be granted, and Count III, for negligence, which claim will go forward. The Town’s liability on all counts save the claim of civil rights violations in Count I is alleged to derive from Hammond’s liability.[3] Summary judgment has already been awarded to Hammond as to all counts of the complaint. As summary judgment may only be awarded where there are no material facts in dispute and since the plaintiff did not oppose the summary judgment motion, it must be concluded that Hammond was entitled to judgment and is therefore not liable on any counts of the complaint. If Hammond is not liable for any of the allegations in the complaint, then under Gangl, the Town cannot be liable as a matter of law. 37 Mass.App.Ct. at 563.
The plaintiff argues that there were no official findings of fact made in Hammond’s summary judgment proceeding and that Gangl therefore does not apply. It is true that in Gangl a jury had found the individual defendant not liable after a trial and that the other cases relied on by the Town all involve adversarial proceedings such as trials or contested hearings. The plaintiff argues that, “(t]he Court’s allowance of [Hammond’s motion] was not based upon any real findings of fact or a determination of liability upon the merits of the case.” It is improper to assume that this Court (Kern, J.) did not consider the merits of the case when awarding summary judgment to Hammond. Furthermore, it is well-settled that summary judgment is a final determination on the merits for res judicata purposes. Tinkham v. Jenny Craig, Inc., 45 Mass.App.Ct. 567, 571, rev. denied, 428 Mass. 1108 (1995).[4] The Federal Court, District of Massachusetts has found that under Massachusetts law, summary judgment is a final determination on the merits even where there was no oral argument or briefing as to whether the defendant was entitled to judgment, but where the claim was decided on the basis of the plaintiffs summary judgment motion only. Prizio v. City of Revere, 629 F.Sup. 538, 539-40 (D.Mass. 1986). The plaintiffs arguments about Hammond’s summary judgment being somehow less preclusive because it was unopposed is unconvincing in further part because it was by the plaintiffs choice that Hammond won an unopposed summary judgment.
The plaintiff raises two additional arguments as to why the Town should not be awarded summary judgment. First, the plaintiff raises objections that the motion violates the established tracking order since the Town filed its motion well past the due date for filing Rule 56 or Rule 12 motions. This is true, but there are extenuating circumstances present in this case and tracking order concerns cannot take precedence over the question of whether the plaintiff has asserted legally viable claims against the Town. Second, the plaintiff suggests in her moving papers that her failure to oppose Hammond’s motion can be viewed as a voluntary dismissal of her claims against Hammond, which, the plaintiff argues, “would not result in dismissal of the claims against the Town[.]” On the contrary, the Appeals Court has clearly stated that if a plaintiff institutes a claim against an agent and a principal, then voluntarily dismisses the claim against the agent, there can be no finding of liability against the principal. Medeiros v. Middlesex Ins. Co., 48 Mass.App.Ct. 51, 54-55 (1999). For all of these reasons, summary judgment is appropriately awarded for the Town pursuant to Mass.R.Civ.P. 56 on Counts IV-VII of the complaint since the Town’s liability under those Counts is derivative of Hammond’s liability.
Count III
The entry of summary judgment for Hammond does not, however, dispose of the negligence claim (Count *151 III) against the Town, and therefore summary judgment is not appropriate for the Town on this Count. As a municipal employee, Hammond was immune from suit for negligence in the course of his employment under the Massachusetts Tort Claims Act, G.L.c. 258, §2 (“Tort Claims Act”). In fact, that was the argument made as to the negligence count in Hammond’s motion for summary judgment. However, that immunity does not insulate the Town from suit for negligence for the acts of Hammond. Since the summary judgment in favor of Hammond on the basis of the Tort Claims Act did not alleviate the Town of potential liability for negligence by Hammond, the plaintiffs negligence claim against the Town may go forward.

Count I

Hammond’s summary judgment does not insulate the Town from suit on Count I, the claim of civil rights violations; that claim is alleged against both defendants independently of each other. The plaintiffs claim in Count I fails, however, because the Town is not a “person” under G.L.c. 12, § 11H. Howcroft v. Peabody, 51 Mass.App.Ct 573, 591-92 (2001). For that reason, the plaintiffs claim against the Town on Count I is not one on which relief may be granted and, therefore, must be dismissed pursuant to Mass.R.Civ.P. 12(b)(6).

ORDER

For the foregoing reasons, the Defendant, Town of Auburn’s, Motion for Summary Judgment and / or Motion To Dismiss is ALLOWED, in part. It is therefore ORDERED that Counts I and IV- VII of the plaintiffs complaint shall be dismissed as against the Town; the motion is DENIED as to the negligence claim in Count IE; that claim shaU proceed to an assessment of damages.

The assault and batteiy claim is asserted against Hammond only.

Hammond believed, based on advice given to him by an attorney who represents many Massachusetts Police Officers and which was verified by Hammond’s Chief of Police, that the Town would provide Hammond with an attorney. Those representations appear to have been incorrect, and this Court (Agnes, J.) determined that Hammond had made an effort to respond to the complaint. The Court further determined that Hammond was operating under false information and that he should not be punished with entry of a default because of that misinformation, whereas the Town did not show good cause for its failure to answer.

The plaintiff argues in her opposing memorandum that “(t]he liability of the Town of Auburn is not derived solely from the liabihty of police officer Hammond.” However, the plaintiff does not articulate any other basis of liability for the Town, and none is visible on the facts in the plaintiffs complaint. Furthermore, the plaintiffs complaint alleges in each of Counts II - VII that “(t]he Defendant Auburn is liable for the wrongful acts of the Defendant Hammond who was, at aU material times, acting within the scope of his employment.”

Although the instant case does not involve questions of res judicata, such cases are those that most frequently deal with various types of judgments and their preclusive effects, which is an issue here. Additionally, the goal of res judicata to avoid inconsistent decisions, see Mancuso v. Kinchla, 60 Mass.App.Ct. 558, 567 (2004), citing Bay State HMO Mgmt, Inc. v. Tingley Sys., Inc., 181 F.3d 174, 181 (1st Cir. 1999), cert. denied sub nom. CSC Consulting, Inc. v. Tingley Sys., Inc., 528 U.S. 1187 (2000), is the same as Gangl's stated goal of avoiding internal inconsistency. 37 Mass.App.Ct. at 562-63.