STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-04-151

CHARLES A. ROBBINS, JR., et al.,

Plaintiffs

v.

RANJINI, et al.,

Defendants

ORDERS ON PENDING MOTIONS

DONALD L. GARBRECHT
LAW LIBRARY

DEC 0 8 2006

The first motion is the motion of the third-party defendant Pramodh Koshy for summary judgment on the plaintiffs' third-party complaint and the second amended third-party complaint of Enterprise Rent-A-Car Company of Boston. The motion as to the plaintiffs is granted without objection. While Mr. Koshy was not the operator of a vehicle involved in this incident and is not responsible as an employer of the defendant Ranjini, he does have potential liability under 29-A M.R.S.A. §1652(1) as the renter based on the negligence of a person operating the vehicle with his permission. While it is a closer question the Renter's Indemnity Provision in paragraph 16 of the Rental Agreement: Terms and Conditions is unambiguous and sufficiently conspicuous. Mr. Koshy is liable if Ranjini is.

The second motion is the motion of Enterprise for summary judgment against the plaintiffs, defendant Scandent Group, Inc. and the Third-Party defendant Koshy. The third motion is the related cross-motion of plaintiff Charles A. Robbins, Jr. for summary judgment.

Defendant Ranjini was the operator of a vehicle rented by Defendant Koshy from Enterprise, a Massachusetts corporation, in New Hampshire. It appears that Ranjini's

negligent operation of the motor vehicle in Maine caused personal injuries to several Maine residents. Maine law would impose liability on Enterprise as a rental company while New Hampshire law would not. Both motions require the application of choice of law principles based on the Maine choice of law test of which state has the most significant contacts and relationship.

I have reviewed *Flaherty v. Allstate Insurance Co.*, 2003 ME 72, 822 A.2d 1159, *Stathis v. National Car Rental Systems, Inc.*, 109 F. Supp. 2d 55, (D. Mass. 2000) and *Piche v. Nugent* 2005 U.S. Dist. Lexis 22275 by Magistrate Judge Kravchuk of the District of Maine.

Here the injuries took place in Maine where the car accidents causing the injury occurred. The plaintiffs are residents of Maine while Ranjini is a resident of India and Koshy is a resident of New Hampshire. Enterprise is a Massachusetts company that did business in New Hampshire. The case as a whole is clearly centered in Massachusetts while the rental transaction viewed entirely separately is clearly based in New Hampshire.

Maine law, which has since been preempted by the federal Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users, Pub.L.No. 109-59, 119 Stat. 1144., and see 49 U.S.C. §30106(c), was designed to provide additional protection for individuals who are injured by motorists operating rental vehicles. Since the New Hampshire interest in this case is so minimal and the contacts and relationships with Maine are so strong, and none are stronger, Maine Law, as it predated the federal law which overrides laws like Maine's, should be applied.

The motion of Enterprise as it relates to the plaintiff will be denied and the cross-motion of Plaintiff Charles A. Robbins will be granted to the extent that Enterprise will be jointly and severally liable.

2

Included in these motions are the issues of whether the Scandent Group, Inc., Scandent India or Pramodh Koshy are potentially liable. The driver Ranjini and the renter Mr. Koshy were both employed by a Scandent company. While Mr. Koshy is liable either by statute or by the indemnity provision contained in the rental contract none of the Scandent companies are. The Maine statute does not apply to them as the employers of the renter or operator, the indemnification provisions do not bind them and despite an expansive majority opinion in *Spencer v. V.I.P., Inc.*, 2006 ME 120, Scandent, in its various forms, has no vicarious liability for an accident which took place when Ranjini was not at work. The accident was not within the course of her employment and she was not even commuting to and from work at the time of the accident.

The entries are:

Motion of the third-party defendant Pramodh Koshy for summary judgment is granted as to the third-party complaint of the plaintiffs. The motion is denied as to the second amended third-party complaint of Enterprise Rent-A-Car Company of Boston.

Motion of Enterprise Rent-A-Car Company of Boston for summary judgment against the plaintiffs and defendant Scandent Group, Inc. is denied. The motion of Enterprise Rent-A-Car Company of Boston for summary judgment against third-party defendant Koshy is granted. Summary judgment is entered against Enterprise Rent-A-Car Company of Boston on its claims against Scandent Group, Inc., Scandent India or against any Scandent defendant.

The cross-motion of plaintiff Charles A. Robbins, Jr. for summary judgment is granted in part. To the extent that Ranjini is liable, Enterprise Rent-A-Car Company of Boston is jointly and severally liable.


Dated:       November 27, 2006

Peter T. Marchesi, Esq. - Counterclaim Def. Charles Robbins, Jr.
David C. King, Esq. - PL - Charles Robbins, Jr.
William McKinley, Esq. -PL - Tammy E. Robbins
Walter McKee, Esq. - PLS - Kenneth & Anna Dixon
Brett J. Harpster, Esq. DEF - Ranjini
John Veilleux, Esq. - DEF - Scandent Group, Inc.
Sidney St. Thaxter, Esq. - DEF-Enterprise Rent-A-Car Company
Kenneth Pierce, Esq. - T/P Def. - Pramodh Koshy
Thomas Mundhenk, Esq. - DEF - One Beacon Insurance Company
J. William Druary, Jr., Esq. - DEF - State Farm Mutual Automobile Insurance

Paul A. Fritzsche
Justice, Superior Court

STATE OF MAINE                                    SUPERIOR COURT
                                                  CIVIL ACTION
YORK, ss.                                         DOCKET NO. CV-04-151
                                                  PAF - YOR- 9/24/2010

CHARLES A. ROBBINS, JR., et al.,

            Plaintiffs

    v.                                   ORDERS ON PENDING MOTIONS

RANJINI, et al.,

            Defendants


On May 9, 2007 an attachment in the amount of $200,000.00 in favor of Enterprise Rent-A-Car Company of Boston, Inc., now Enterprise Rent-A-Car Company of Boston, LLC was granted against the property of Pramodh Koshy. The attachment was modified by order of August 31, 2007 to be limited to $200,000.00 cash to be deposited in an escrow account with Monaghan Leahy, LLP, which has been done. The amount of the attachment was increased by order of September 22, 2008 to $1,096,438.50 on all of Mr. Koshy's property though the cash on deposit has not been increased.

On May 25, 2010 the Law Court decided *State Farm Mutual Automobile Insurance Company v. Koshy*, 2010 ME 44 which resolved multiple issues in a comprehensive 37 page decision. The Law Court determined, at ¶18, that to the extent that Mr. Koshy bears any fiscal responsibility to Enterprise pursuant to the indemnification provisions in the automobile rental agreement that he signed that his employer Scandent Group, Inc. is in turn responsible. Left unanswered and remanded for potential trial was the question of whether the rental agreement's indemnification provisions are enforceable as an unconscionable contract of adhesion. See ¶¶ 19, 45, 54 and 60 among others.

Following remand Mr. Koshy has moved to dissolve the attachment as modified arguing that Enterprise can no longer demonstrate that it is more likely than not to recover judgment against him. That motion and a companion motion of Enterprise to modify the attachment and trustee process to include Scandent have been briefed and argued. For a long time this case fit Winston Churchill's 1939 description of Russia as "a riddle wrapped in a mystery inside an enigma." The Law Court decision resolved most of the issues but, while hinting at the potential outcome, left unresolved the question of whether the indemnification provision was enforceable.

I must now decide whether an attachment should remain and against which parties. This decision is based on the current record and is not necessarily determinative of a decision on summary judgment or after trial.

As the Law Court indicated at ¶58, a contract is unconscionable under the common law of New Hampshire if it "contains terms that unreasonably favor one party, and ... the other party lacked a meaningful choice." "A party lacks a meaningful choice if there is overreaching by the other party or a gross inequality in bargaining power."

In this case Mr. Koshy signed a "pre-drafted agreement with Enterprise", ¶60, which contained indemnification clauses "written in small print on the back of the agreement." The materials submitted by the parties on the current motions indicate that Enterprise did not trick Mr. Koshy or commit fraud, that it neither encouraged nor discouraged Mr. Koshy from reading the back of the rental agreement, that insurance was available for an additional cost which would have protected Mr. Koshy and Scandent, that the insurance was declined and that Mr. Koshy is a well educated individual working for a sophisticated company. Lastly, the decision to decline coverage was a deliberate decision made at a corporate level.

2

While it is a close question I will allow the attachment to stand with a significant modification as there is persuasive evidence, sufficient to meet the attachment standard, that Scandent had a meaningful choice and that there was not an inequality of bargaining power or overreaching. Any liability of Mr. Koshy will be assumed by Scandent. Both Scandent and Enterprise have recognized that fact and graciously agreed to structure the attachment to reduce the burden on Mr. Koshy if an attachment was to remain.

The entries are:

(1) Defendant Pramodh Koshy's motion to dissolve attachment is granted in part, denied in part. The attachment against Pramodh Koshy, including attachment on trustee process, is limited to the $200,000.00 held in escrow at Monaghan Leahy, LLP of Portland, Maine. No additional attachment or attachment on trustee process against Pramodh Koshy is authorized and any attachment or attachment on trustee process against him in excess of $200,000.00 or on any property, other than the $200,000.00 in escrow, is dissolved.

(2) Enterprise Rent-A-Car Company of Boston, LLC's motion to modify this Court's order approving attachment and trustee process is granted. Attachment and attachment on trustee process is granted to Enterprise Rent-A-Car Company of Boston, LLC against Scandent Group, Inc. in the amount of $896,438.50.


Dated:     September 24, 2010

_____
Paul A. Fritzsche
Justice, Superior Court

3

ATTORNEY FOR THIRD PARTY DEFENDANT PRAMODH KOSHY:
KENNETH PIERCE, ESQ.
NAGHAN LEAHY
PO BOX 7046
PORTLAND ME   04112-7046

ATTORNEYS FOR DEFENDANT ENTERPRISE RENT A CAR COMPANY:
SIDNEY THAXTER, ESQ.
DAVID SILK, ESQ.
CURTIS THAXTER STEVENS BRODER & MICOLEAU
PO BOX 7320
PORTLAND ME   04112-7320

ATTORNEY FOR DEFENDANT ONE BEACON INSURANCE COMPANY:
THOMAS G MUNDHENK, ESQ.
ROBINSON KRIGER & MCCALLUM
PO BOX 568
PORTLAND ME   04112-0568

ATTORNEY FOR THIRD PARTY DEFENDANT SCANDENT GROUP LTD:
JOHN R VEILLEUX, ESQ.
NORMAN HANSON & DETROY
PO BOX 4600
PORTLAND ME   04112-4600

ATTORNEY FOR DEFENDANT XXX RANJINI:
DAVID SAM ANDERSON, ESQ.
BERNSTEIN SHUR SAWYER & NELSON
PO BOX 9729
PORTLAND ME   04104-5029