Kenton-Walker, Janet, J.
Defendant Abilio A. Borges (“Borges”) moves the court to enter summary judgment in his favor on Count I (Wrongful Death— Negligence), Count II (Wrongful Death — Gross Negligence or Malicious, Wilful, Wanton, or Reckless Conduct), and Count III (Conscious Suffering) of the complaint filed by the plaintiffs, Lisette M. Malaquias and James S. Malaquias (collectively, “plaintiffs”), as administrators of the estate of Michael J. Malaquias (“Malaquias”). The plaintiffs’ claims arise out of an accident in which Malaquias died while operating a dump truck Borges owned and leased to Borges Construction, Inc. (“Borges Construction”). The plaintiffs allege that the brakes on the dump truck were faulty, *403 which caused Malaquias to lose control when he was unable to stop the vehicle.
The plaintiffs assert claims against Borges individually under the wrongful death statute, G.L.c. 229, §§2 and 6, alleging that he acted in a negligent, grossly negligent, or malicious, willful, wanton, or reckless manner regarding the ownership, control, maintenance, repair, entrustment, and/or equipping of the dump truck. Relying on Fredette v. Simpson, 440 Mass. 263 (2003), Borges argues he is immune from such liability for Malaquias’ death under the co-employee immunity provision of the Workers’ Compensation Act, G.L.c. 152, §15. The court agrees.
Despite the plaintiffs’ arguments to the contrary, Fredette v. Simpson, 440 Mass. 263 (2003), is controlling here.[4] The plaintiffs allege that at the time of Malaquias’ accident, Borges acted negligently, as the owner of the vehicle, by failing to properly maintain it. “An employee is thus immune from tort liability under the Act, provided that his or her negligence that resulted in another employee’s injury occurred in the course of employment.” Fredette, 440 Mass. at 266. As the Supreme Judicial Court stated in Fredette, “[A]n employee is acting within the course of employment when he provides equipment for his employer’s use.” Id. at 267. Here, Borges acted in the course of his employment when he leased the vehicle to Borges Construction (his employer) for the corporation’s use. Borges’ alleged negligence therefore occurred in the course of his employment, and he is entitled to co-employee immunity under the Act. See id. at 266.
Even if Borges is not immune from liability undér G.L.c. 152, §15, summary judgment must enter in favor of Borges because there is no evidence in the summary judgment record that Borges acted in a negligent, grossly negligent, or malicious, wilful, wanton, or reckless manner regarding the vehicle Malaquias was operating.
Pursuant to the agreement under which Borges leased the vehicle to Borges Construction, the latter was responsible for repairing and maintaining the vehicle. Borges testified at his deposition that the drivers of Borges Construction’s equipment — not him — were responsible for determining the condition of the equipment being used each day. Regarding regular maintenance of the brakes of Borges Construction’s trucks, he further testified, “I put everything in [the mechanics’] hands.” By contract, Borges had no duty to maintain or repair the vehicle that Malaquias was operating at the time of his death.[5]
The plaintiffs seek to establish such a duiy, based upon Borges’ ownership of the vehicle, under G.L.c. 231, §85A.[6] The statute is inapplicable here because it is merely a statement of an evidentiary rule that “evidence that a defendant is the registered owner of a motor vehicle [is] prima facie evidence of a master-servant relationship between the defendant and the operator of the vehicle ...” Cheek v. Econo-Car Rental Sys. of Boston, Inc., 393 Mass. 660, 662 (1985); see also Thompson v. Auto Credit Rehabilitation Corp., 56 Mass.App.Ct. 1, 5 (2002), citing Cheek, 393 Mass. at 662 (“[Section] 85A is a rule of evidence that makes no change in the substantive law of negligence”). It applies only where a plaintiff attempts to establish a vehicle owner’s vicarious liability for the vehicle operator’s negligence, which is not the situation before the court. See Gangl v. Ford Motor Credit Co., 37 Mass.App.Ct. 561, 563 (1994) (citing G.L.c. 231, §85A, and stating “the liability of the registered owner is not joint and several, but derivative”). The plaintiffs therefore cannot establish a duty owed by Borges to Malaquias based on G.L.c. 231, §85A.
A court may enter summary judgment where the moving parly “demonstrates, by reference to material described in Mass.R.Civ.R 56(c), unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The plaintiffs fail to submit any countervailing materials to rebut Borges’ showing that he was not negligent, grossly negligent, or malicious, wilful, wanton, or reckless.
Accordingly, it is hereby ORDERED that Borges’ motion for summary judgment on Counts I, II, and III be ALLOWED.

The plaintiffs contend that Searcy v. Paul 20 Mass.App.Ct. 134 (1985) — not Fredette — applies to permit claims against Borges as a third party affiliated with Borges Construction, the insured employer under G.L.c. 152, §15. See Searcy, 20 Mass.App.Ct. at 138-39. However, Borges is not an affiliated third party, but rather an employee of Borges Construction, who may be entitled to co-employee immunity under G.L.c. 152, § 15, as discussed in Fredette. The plaintiffs argue that whether Borges is an employee of Borges Construction is a question of fact that precludes summary judgment. The court disagrees because the relevant facts are not in dispute. The Act defines “employee” as “every person in the service of another under any contract of hire, express or implied, oral or written.” G.L.c. 152, §1. The undisputed facts show that Borges Construction pays Borges wages for his services, and that Borges, as the corporation’s representative, assigns himself to work sites each day, along with all other employees of Borges Construction. Borges Constmction directs and controls Borges’ work, and Borges is therefore an employee of the corporation. See Fleming v. Shaheen Bros., Inc., 71 Mass.App.Ct. 223, 226-27 (2008) (for purposes of Act, holding employer-employee relationship where defendant controlled and supervised plaintiffs work and indirectly paid plaintiffs wages), rev. denied by 451 Mass. 1105 (2008).

In their complaint, the plaintiffs allege Borges wrongfully entrusted the vehicle to Borges Construction. A claim of negligent entrustment, however, is based on the vehicle operator’s incompetence or unfitness, which is not the basis of the plaintiffs’ claims. See Nunez v. A&M Rentals, Inc., 63 Mass.App.Ct. 20, 22 (2005) (listing elements of negligent entrustment).

General Laws c. 231, §85A stales, “[E]vidence that at the time of such accident. . . [the motor vehicle] was registered in the name of the defendant as owner shall be prima facie evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible . . .”